**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

FILED

MAR 1 8 2008
Mar 18. 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **MEG REYNOLDS,** individually and on behalf of her minor child, **TOM REYNOLDS-EJZAK,** ) ) ) ) | |
| Plaintiff(s), ) | CASE NO. $08C\ 1507$ |
| Vs. ) | |
| ) | Judge John W. Darrah |
| **Oak Park-River Forest School District 200, Local School District; Board of Education of Oak Park-River Forest School District 200;** and **The Illinois State Board of Education,** ) ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | |

## Amended Complaint

Plaintiff Meg Reynolds and Plaintiff Tom Reynolds-Ejzak, by his mother and Next Friend Meg Reynolds, complain as follows:

### Introduction

1.    This cause of action arises out of the efforts of Plaintiff Meg Reynolds to enforce the rights of her son under the Individuals with Disabilities Act ("I.D.E.A.") as well as her efforts to exercise her parental participation rights under the I.D.E.A.

2.    Plaintiffs file this Complaint as a timely appeal of a final Decision and Order issued on November 13, 2008 by Illinois State Board of Education ("ISBE") Impartial Hearing Officer ("IHO") Sheana Hermann.

3.　　IHO Hermann issued her final Decision and Order and granted defendant OAK PARK-RIVER FOREST SCHOOL DISTRICT 200's ("School District's") motions for summary judgment and dismissal with prejudice. Before delivering her Decision and Order, there was no notice or allegation of insufficiency under the ISBE rules from the School District.

4.　　IHO Hermann delivered her final Decision and Order on the basis of School District's letter motion which argued that Plaintiffs failed to state a claim for which relief could be granted and the issues had already been litigated through an OCR administrative complaint and an ISBE state complaint. The School District's letter motion was not accompanied by credible evidence or sworn affidavit in support of its motions. The letter motion contained only the statements and assertions of the School District's legal counsel.

5.　　The IHO erred by adopting the School District's mistaken statement of the law on the nature of administrative complaint investigations and reports, and by a series of procedural and legal violations.

6.　　Plaintiffs appeal IHO Sheana Hermann's Decision and Order based on the following:

　　　　　(a)　　Many significant procedural violations committed during the administration, case management and ruling on the matter by IHO Hermann that unfairly and unjustly prejudiced Plaintiffs;

　　　　　(b)　　Errors in the IHO Hermann's findings of fact;

2

(c)    Improper application of the law to the facts by the IHO;

(d)    Failure by IHO Hermann to recognize and apply the legal standards in this jurisdiction for a dismissal with prejudice;

(e)    Failure by IHO Hermann to recognize and apply the legal standards in this jurisdiction for a motion for summary judgment in an I.D.E.A. action, or for any other civil action in this jurisdiction;

(f)    IHO Hermann applied a heightened and improper pleading standard to the Plaintiffs' Parental Notice and Request for Due Process Hearing. The IHO's heightened pleading standard exceeded the published ISBE standard for insufficiency.

(g)    IHO Hermann failed to recognize the Defendant School District did not comply with the Local Agency Response rules before she ruled on the District's motion to dismiss and motion for summary judgment. *See* 20 U.S.C. §1415(c)(2)(B)(i)(I).

(h)    IHO Hermann failed to recognize and address genuine issues raised by Plaintiff Meg Reynolds in her Notice and Request for Due Process Hearing;

(i)    Failure by IHO Hermann to recognize that Plaintiff Meg Reynolds voiced a justiciable I.D.E.A. claim of retaliatory interference and hindering of the exercise of parental rights to take part in and enforce a child's right to a free appropriate public education in the least restrictive environment.

(j)    Failure of IHO Hermann to recognize Plaintiff Meg Reynolds' Response to Defendant's motion to dismiss and motion for summary judgment met the tests courts in this jurisdiction apply for ruling on motions to dismiss and motions for summary judgment.

(k)    Failure of IHO Hermann to recognize a cognizable claim, or claims, under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act.

3

(l)     Failure of IHO Hermann to recognize that *res judicata* or claim preclusion does not attach to investigative reports or written decisions issued by ISBE or the U.S. Department of Education, Office of Civil Rights ("OCR") under those agencies' required administrative complaint procedures.

(m)     Failure of IHO Hermann to recognize that federal OCR administrative or State administrative complaint procedures described at 34 CFR Sec. 300.151 *et seq.* and 34 C.F.R. Sec. 100 *et seq.* are not a part of the due process procedural requirements and protections set forth at 20 U.S.C § 1415 and are not a part of the ISBE special education hearing rules that carry out 20 U.S.C. §1415.

(n)     Failure of IHO Hermann to recognize that 20 U.S.C. Section 1415(b)(6) governs the minimum procedures for an impartial hearing and bringing a civil action under the I.D.E.A. IHO Hermann also failed to recognize that if state or federal rules of procedure are also used for the Due Process Hearing, the application of those rules must adhere to the legal standards set by the courts in the jurisdiction.

(o)     Failure of IHO Hermann to afford Plaintiffs the procedural protections for impartial due process actions guaranteed by 20 U.S.C. Section 1415

(p)     Failure by ISBE to provide an IHO in this matter with sufficient knowledge of the law, regulations and interpretations under the I.D.E.A., and who would demonstrate an ability to conduct hearings in accord with appropriate, standard legal practice, as required under 34 C.F.R. Section 300.511(c).

7.     Plaintiffs bring this timely Action under the I.D.E.A., Section 504 of the Rehabilitation Act and the Americans with Disabilities Act to appeal the final Order and Decision of IHO Sheana Hermann.

**Jurisdiction and Venue**

8.    The United States District Court for the Northern District of Illinois has jurisdiction over this action under 28 U.S.C. § 1331, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2), and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 and the Americans With Disabilities Act (the "ADA"), 42 U.S.C. 12101 et seq.

9.    Venue is proper in this District under 28 U.S.C. §1391 because the acts complained of occurred in the District of Northern Illinois, the parties reside in the District of Northern Illinois, or do business in the District of Northern Illinois.

### Parties

10.    For all times relevant to this action, Plaintiff Tom Reynolds-Ejzak ("Tom") was a minor and of compulsory school-age. He lived at 1166 S. Clinton Avenue in Oak Park, Illinois, 60304, and he was enrolled in Oak Park – River Forest SD 200, Local School District (the "School District").

11.    Plaintiff Meg Reynolds is Tom's mother.  For all times relevant to this matter, Ms. Reynolds has been a legal resident and taxpayer in the School District.  Ms. Reynolds has sole legal custody of Tom, and has sole educational decision-making authority for him.

12.    Defendant Board of Education of Oak Park-River Forest School District 200 (the "School Board") is the decision-making body responsible for the School District under 105 ILCS §§ 5/10-1 et seq.  The

School Board is responsible for ensuring that each student within its district who is eligible for services under the IDEA or Section 504 of the Rehabilitation Act receives a free and appropriate public education in the least restrictive educational environment.  The School District is a recipient of federal funds and as such is governed by Section 504 of the Rehabilitation Act.

13.    The School Board has decision making powers as part of its duty to oversee, direct, and govern the School District's special education and other programs and services consistent with 105 ILCS Secs 5/10-1 *et seq.*

14.    Defendant Illinois State Board of Education (the "ISBE"), is the authorized primary state agency required to establish procedures under the I.D.E.A. to resolve disputes between a Local Education Agency ("LEA") and parents on behalf of themselves and their children. Under the I.D.E.A., parents have a right to seek resolution by asking for an impartial due process hearing or by seeking mediation to resolve their differences about any disagreements they may have concerning their child's special education individualized education program "IEP". 20 U.S.C. § 1415 (a).

15.    The ISBE is also responsible for ensuring that all Illinois school-age children receive an education, and ensuring that all eligible children with disabilities in Illinois receive a free and appropriate public

education. 20 U.S.C. § 1412 (a)(1)(A) and (B). *See also* 105 ILCS 5/14-8.02.

16.   The Illinois State Board of Education ("ISBE") receives federal funds and as such is also governed by Section 504 of the Rehabilitation Act.

17.   Defendant Oak River – River Forest SD 200, Local School District is a public school district organized and established under the Education Laws of the State of Illinois.

<u>**Overview of Applicable Legal Standards**</u>
<u>**Under the I.D.E.A., State Law and**</u>
<u>**Section 504**</u>

18.   Congress enacted, and the president signed into law, the federal law known as the I.D.E.A., formerly the Education of All Handicapped Children Act, in 1975. See 20 U.S.C. § 1400 *et seq.*  The intent of this law, which was re-authorized in 2004, is to ensure that all public schools receiving federal funds provide every child with disabilities a free appropriate public education in the least restrictive environment.

19.   To protect the rights of children with disabilities as well as their parents, the I.D.E.A. requires public schools and state education agencies to adhere to a set of procedural safeguards set out in Section

1415 of the Act and related regulations at 34 C.F.R. 300.500 *et seq.*
Those safeguards are essentially mirrored, and are in some cases
expanded, under Illinois special education laws adopted by the Illinois
General Assembly and administrative rules issued by ISBE. *See* 105
ILCS 5/14-8.02a, Impartial due process hearing; civil action and 23
Illinois Administrative Code Part 226.

20.    Among the requirements set forth in Section 1415 and
related Illinois law, the state education agency must allow a parent to
request an impartial due process hearing if the parent disagrees with any
matter related to the identification, evaluation and educational
placement of the child, or the provision of FAPE to the child.

21.    In connection with a special education due process hearing,
Section 1415 and related regulations and authority also guarantee the
right to a resolution session, mediation, a pre-hearing conference and the
exchange of documents between the parties. The I.D.E.A. also requires
the hearing and related transactions must be conducted in accord with
appropriate, standard legal practice by an impartial hearing officer with
sufficient knowledge of the law, regulations and interpretations under
the I.D.E.A. *See* 105 ILCS 5/14-8.02c Sec. 14-8.02c. Due process
hearing officers.

22.    Impartial Hearing rights for parents under § 1415 also
include the right to be accompanied and advised by counsel and the

8

right to confront and cross-examine witnesses. Also, Section 1415(h) provides for the right to reject from consideration any documents the opposing party fails to disclose five days before the hearing begins.

23.    Separate and apart from the due process hearing rights under § 1415 of the I.D.E.A., a party may elect an alternative resolution process known as state complaint procedures. A party files an administrative complaint directly with the state educational agency, which investigates and rules on the claim. 20 USC 1415 (f)(3)(F); 34 CFR 300.151 through 153.

24.    Exercising the choice for a State Complaint does not constitute "litigation" and it does not abridge or restrict a complaining party's right to an impartial due process hearing or the procedural rights connected with a parent's hearing request as set forth at Section 1415. In addition, the State Complaint procedures do not provide for an evidentiary hearing; confrontation and cross-examination of witnesses; a right to see the opposing party's documents; appeal rights; or other evidence or other due process procedures designed to ensure fundamental fairness and protection of individual constitutionally protected interests.

25.    Similar to the informal State Complaint Procedure, the U.S. Department of Education, Office of Civil Rights ("OCR") receives and investigates administrative complaints of discrimination based on

disability pursuant to 34 C.F.R. 100 *et seq.* Filing an OCR

discrimination complaint by no means constitutes "litigation," nor are

OCR's findings the result of "litigation." Unlike a special education due

process ruling, an OCR ruling is not subject to judicial review or appeal

in a court of law.

26. Section 504 of the Rehabilitation Act of 1973 ("Section 504")

forbids retaliation in any form, including intimidation, threats, coercion,

interference, pressure, harassment and bullying. A claim of retaliation

under Section 504 is a different claim from that for discrimination.

Retaliation is specifically forbidden by federally mandated protections.

Section 504 of Rehabilitation Act ("Section 504") at 29 U.S.C. § 794(d)

expressly incorporates the anti-retaliation provision of Section 503 of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203. That

provision prohibits retaliation against any individual because such

individual has opposed any "act or practice made unlawful by this

chapter or because such individual made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing

under this chapter." *Ibid.*

27. If a party is aggrieved by the findings and decision made

by a due process hearing officer, that party has the right to bring a civil

action to contest the findings and decision. §1415(i)(2).

10

28.    A parent's claim to enforce the supplementary aids and services section of her child's IEP is a cognizable claim for denial of a free appropriate public education under §1415 of the I.D.E.A.

29.    A parent's claim of retaliation, interference, threats, harassment or bullying arising from her efforts to exercise her right to enforce the terms of her child's IEP is a cognizable claim under §1415 of the I.D.E.A., incorporating the ADA at 42 U.S.C. § 12203.

30.    A parent's claim of retaliation, interference, threats, harassment or bullying arising from her efforts to exercise her disabled child's right to reasonable accommodations specified in his IEP is also a cognizable claim under Section 504 at 29 U.S.C. § 794(d), incorporating the ADA at 42 U.S.C. § 12203.

### Facts Common To All Causes of Action

31.    On September 21, 2007 Ms. Reynolds properly completed and submitted the ISBE form 19-86A, Parental Request for an Impartial Due Process Hearing, to the School District requesting a hearing on the complaints she described on the form.

32.    ISBE Form 19-86A is published on the ISBE web site and offered for downloading by parents of students with disabilities in Illinois so that they may request a special education Impartial Due Process Hearing.

33.    To complete the ISBE Form 19-86A, Ms. Reynolds followed the ISBE instructions on the form.  Consistent with those instructions,

she filled in her name and her child's name and address and the name of the school district; attached pages describing the dispute and requested remedies; and submitted the completed form to the School District Superintendent on September 21, 2007. Ms. Reynolds sent a copy to the ISBE on the same day. *See* Ms. Reynolds' completed ISBE Form 19-86A (1/01) and attachments. See Parent Request for Due Process Hearing, Appended to this complaint as Exhibit 1

34.    ISBE records show that it received Ms. Reynolds' completed ISBE Form 19-86A from the School District on September 25, 2007 and appointed James Wolters as IHO.  It acknowledged receipt of the matter on September 27, 2007. See Parent Initial Packet, Appended to this complaint as Exhibit 2.

35.    During the week of October 1, 2007, Ms. Reynolds received a copy of School District's counsel John Relias' October 1, 2007 letter motion to dismiss certain of Ms. Reynolds claims with prejudice, together with a motion for summary judgment on the remaining claims.  See School District's letter motion to dismiss and motion for summary judgment, Appended to this complaint as  Exhibit 3.

36.    As of the time Ms. Reynolds received a copy of the School District's October 1 letter motion, Ms. Reynolds had received no other communication or correspondence from ISBE or the School District in response to her hearing request.  She contacted the office of the ISBE Due Process Coordinator and asked about the status of her complaint

and scheduling. The office assistant gave her an Internet password to access the ISBE online Special Education Database system to retrieve a copy of the Letter. Due to problems with certified mail at her home address, Ms. Reynolds asked the ISBE to send all future correspondence to her at her Chicago office address.

37.     After receiving the password, Ms. Reynolds visited the ISBE website on her computer and downloaded a copy of the certified letter to her dated Sept. 27, 2007 from the ISBE. The record showed that IHO Wolters was also furnished a copy of the certified letter, which gave notice from the ISBE that Mr. Wolters was appointed to serve as the IHO. The letter also contained the ISBE instructions for making a proper response to a Parental Request for a Due Process Hearing (the "ISBE instructions"). See Parent Initial Packet, See Exhibit 2.

38.     Specifically, the ISBE instructions provided that within 10 days of receiving a parent's hearing request, the school district must provide either (a) a copy of a "prior written notice" pertaining to the subject matter of the request; or (b) a written response that "explains the actions taken by the district, the options considered and why they were rejected by the district before taking the action, and a list of the factors relevant to the district's action."   See Parent Initial Packet, See Exhibit 2.

39.     In addition, the ISBE instructions provided that if the non-requesting party deems the hearing request to be "insufficient," it may submit a written notice of insufficiency to the IHO within 15 days of

13

receipt of the hearing request. The instructions stated that the IHO would rule within 5 days of the notice of insufficiency. No other grounds for dismissal or rejection of a parent's due process hearing request were described in the ISBE instructions and letter or were otherwise communicated to the parties. See Parent Initial Packet, See <u>Exhibit 2</u>.

40. No notice of insufficiency was submitted by the School District. Its October 1, 2007 letter motion to dismiss and for summary judgment does not satisfy the ISBE instructions for making a proper school district response to a Parental Request for a Due Process Hearing. See Parent Initial Packet, See <u>Exhibit 2</u>.

41. On information and belief, the only adverse response parents are told about by the ISBE, the School District, or the School Board is the notice of insufficiency. The ISBE instruction letter did not inform Ms. Reynolds about motions to dismiss and motions for summary judgment. The ISBE instruction also did not informed her about ISBE hearing rules, or any other rules governing motions to dismiss or motions for summary judgment in special education matters.

42. On October 1, 2007, IHO James Wolters sent a Notice of Pre-Hearing Conference to the ISBE setting the following dates:

       10/25/07   Pre Hearing Conference

       11/9/07    Hearing

See Notice of Pre-Hearing Conference, Appended to this complaint as <u>Exhibit 4</u>.

14

43.    Soon thereafter, by letter dated October 3, 2007, IHO Wolters acknowledged receiving the District's October 1 letter motions to dismiss and for summary judgment. In his acknowledgement, IHO Wolter stated, "I shall abstain from issuing a written ruling on the motion until October 20, 2007 to provide Ms. Reynolds an opportunity to respond to that motion in writing." See ISBE letter from Wolter, Appended to this complaint as Exhibit 5.

44.    In early October 2007, Ms. Reynolds requested a substitution of IHO on the grounds that IHO Wolters previously had an extended client relationship with the School District's attorney.

45.    Ms. Reynolds did not receive a response to her substitution request until mid-October 2007, but learned of the substitution when she used her password again to access the ISBE website. She found a copy of a letter to her dated October 9, 2007 announcing that Sheana Hermann, IHO Wolter's daughter, was appointed as the IHO to replace IHO Wolters. The letter stated that IHO Hermann would contact her "within 5 days of receipt of this letter to arrange the dates, times and locations of the hearing and the pre-hearing conference." See ISBE Letter of Andrew C. Eulass, Appended to this complaint as Exhibit 6.

46.    There was no contact from IHO Hermann to arrange pre-hearing and hearing dates. Although IHO Hermann left a brief telephone phone message for Ms. Reynolds some time after her substitution

15

appointment, and Ms. Reynolds left a return voicemail, IHO Hermann did not speak with Ms. Reynolds at any time.

47.     On November 2, 2007, Ms. Reynolds wrote to Andrew Eulass, ISBE Due Process Coordinator, to express her concern about the failure to hold a mandatory resolution session and the delays in scheduling a mediation. She also asked why no pre-hearing conference or hearing had been scheduled. Mr. Eulass referred her to the IHO.

48.     Despite Ms. Reynolds' request for an address change and for receiving hearing-related correspondence by mail, she received no mailed correspondence at her home or her office address from the ISBE Due Process Coordinator or IHO Sheana Hermann until she received the Decision and Order that dismissed with prejudice and granted summary judgment in favor of the School District during mid-November, 2007. At no time did the ISBE or the School District or the School Board inform Ms. Reynolds that she must visit the ISBE web site to find official correspondence, rules, schedule dates, or any other information relating to the conduct of her hearing request. At no time did ISBE instruct Ms. Reynolds how to interpret the terms on the Special Education Database System web site.

49.     During late October 2007, Ms. Reynolds again accessed the ISBE website using her password. She found a copy of a letter stamped "received Oct. 22, 2007" from IHO Hermann addressed to Ms. Reynolds at her office address and to the School District's attorney.  Ms. Reynolds

16

did not receive that letter by mail. The letter informed the parties that IHO Hermann was striking the previously scheduled October 25, 2007 pre-hearing conference previously scheduled by IHO Wolters. IHO Hermann's letter gave Ms. Reynolds until Oct. 29, 2007 to file her response to the School District's motions to dismiss and for summary judgment. See Letter of IHO Sheana Hermann, Appended to this complaint as Exhibit 7.

50.    IHO Hermann's letter did not mention rescheduling a new date for the pre-hearing conference. The letter did state that IHO Hermann would rule on the District's motion "on or before November 5, 2007." See Exhibit 7.

51.    On October 18, 2007, IHO Hermann entered the following note in the SEDS – Special Education Database System: "Subject: Continuance Request." "District has filed a motion to dismiss and for summary judgment." See SEDS – Special Education Database System, ID=1824.pdf, Appended to this complaint as Exhibit 8.

52.    On October 30, 2007, after obtaining a two-day extension, Ms. Reynolds filed her response to the School District's motion to dismiss and motion for summary judgment. See Plaintiff's Response to School District's motions, Appended to this complaint as Exhibit 9.

53.    A mediation session was scheduled for November 15, 2007 between the parties with the ISBE appointed mediator. The November 15, 2007 mediation date was the third scheduled mediation. No

mediation had been held before that date because the School District twice unilaterally cancelled the mediation conferences.

54.    Despite the mediation scheduled for November 15, on November 13, 2007, IHO Hermann dismissed the matter with prejudice and granted summary judgment in favor of the School District. No pre-hearing conference, exchange of documents or a hearing was ever scheduled and communicated to Ms. Reynolds by IHO Hermann. The dismissal and summary judgment stated, "Parent has failed to state a cause of action under IDEIA as to her first three issues and Summary Judgment has been entered in favor of the District under the remaining issues." *See* SEDS – Special Education Database System, ID=8821.pdf, Appended to this complaint as Exhibit 10.

55.    IHO Hermann mailed her ruling to Ms. Reynolds and School District. Two days later, and before Ms. Reynolds received the ruling, she attended the scheduled mediation with the School District at Oak Park River Forest High School in Oak Park. See Mediation Record, Appended to this complaint as Exhibit 11.

56.    No progress or agreement was made at the mediation, which was attended by Ms. Reynolds and the Superintendent, Assistant Superintendent and Special Education Director. Soon afterward, Ms. Reynolds received IHO Hermann's ruling in the mail.

57.    Because the mediation conference took place after the IHO dismissed the matter with prejudice and granted the School District's

18

motion for summary judgment, the mediation was a futile exercise. Whether the School District had prior knowledge of the IHO Decision and Order is not presently known by Ms. Reynolds.

58.    No mandatory resolution meeting was held between Ms. Reynolds and the School District.

59.    Ms. Reynolds did not waive the mandatory resolution meeting.

60.    On information and belief, the School District did not waive the mandatory resolution meeting.

61.    The School District should have conducted a mandatory resolution meeting under 34 CFR 300.510 (a)(1) within 15 days of receiving Ms. Reynolds' request for a due process hearing on September 21, 2007.

62.    Instead, the School District swiftly filed a pre-emptive motion to dismiss and a motion for summary judgment.

63.    IHO Hermann failed to recognize that the School District's motion to dismiss was, by operation, the School District's notice of insufficiency of Ms. Reynolds' hearing request. She should have treated the School District's motion to dismiss as a notice of insufficiency under the ISBE rules.

64.    Taken together, the timing of the Decision and Order to dismiss with prejudice and judgment in favor of the School District on its motion for summary judgment gave Plaintiffs no opportunity to ask to

19

amend their request for a due process hearing. See IBSE Summary Records, Appended to this complaint as Exhibit 12.

65.    The IHO failed to carry out the ISBE instructions governing notice and rulings on insufficiency of parental requests for a due process hearing. See Letter to Reynolds from Andrew C. Euless, ISBE due process coordinator, See Exhibit 2.

66.    The IHO applied improper legal standards for ruling on motions to dismiss and on motions for summary judgment.

67.    The rules of the State of Illinois Board of Education governing pleading requirements for giving notice and requesting an impartial due process hearing do not require more than the information ISBE asks for in its published form.

## Plaintiff's First Cause Of Action

## The Impartial Hearing Officer Failed to Apply Proper Standard for a Motion to Dismiss

68.    Plaintiffs repeat and reallege Paragraphs 1 through 67 of this Complaint and incorporate those paragraphs as Paragraph 68 of the Complaint.

69.    The State of Illinois Board of Education, through its appointed hearing officer, failed to apply the proper legal standard in this jurisdiction for granting a motion to dismiss with prejudice.

70.   This Court should REVERSE the State of Illinois Board of Education's IHO Order On District's Motion to Dismiss with Prejudice and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

## Plaintiff's Second Cause Of Action
## The Impartial Hearing Officer Failed to Apply Proper Standard In Granting a Motion for Summary Judgment

71.   Plaintiffs repeat and reallege Paragraphs 1 through 70 of this Complaint and incorporate those paragraphs as Paragraph 71 of the Complaint.

72.   The State of Illinois Board of Education appointed hearing officer erred in her Opinion and Order because the assigned hearing officer failed to apply the legal standard in this jurisdiction for granting a motion for summary judgment in I.D.E.A matters.

73.   This Court should REVERSE the Order of the IHO On District's Motion for Summary Judgment in favor of the Defendant District in Case No. 2008-0100 and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing

21

conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

**Plaintiff's Third Cause Of Action**

**The Impartial Hearing Officer Failed to Recognize a Cognizable and Justiciable Claim of Retaliation Pursuant to the I.D.E.A**

74.    Plaintiffs repeat and reallege Paragraphs 1 through 73 of this Complaint and incorporate those paragraphs as Paragraph 74 of the Complaint.

75.    The Illinois State Board of Education appointed hearing officer failed to recognize that a claim of retaliation for hindering or impeding a parent's statutory right to enforce her child's I.E.P. is a cognizable claim arising from § 1415(b) of the I.D.E.A.

76.    The Illinois State Board of Education appointed hearing officer failed to recognize that a claim of retaliation for hindering or impeding a parent's statutory right to enforce her child's I.E.P. is a cognizable claim of denial of FAPE under the I.D.E.A.

77.    As a direct result of the hearing officer's failure to recognize a parent's right to enforce her child's rights in an I.E.P., Plaintiff's claim for retaliation was dismissed with prejudice.

22

78.    This Court should REVERSE the Order of the IHO's finding that she did not have subject matter jurisdiction of Plaintiff's retaliation claim District and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

## Plaintiff's Fourth Cause of Action
## Award of Reasonable Cost of Suit

79.    Plaintiffs repeat and reallege Paragraphs 1 through 78 of this Complaint and incorporate those paragraphs as Paragraph 79 of the Complaint.

80.    Plaintiffs should receive an award of their reasonable costs associated with this action, which are believed to exceed $500.00.

**Wherefore,**

(a)    Plaintiffs demand judgment in their favor and against each named Defendant On their First Cause of Action, and request that this Court REVERSE the hearing officer's order to dismiss case No. 2008-0100, and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange,

23

mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

(b)     Plaintiffs demand judgment in their favor and against each named Defendant On their Second Cause of Action, and request that this Court REVERSE the hearing officer's order granting Defendant's motion for summary judgment in favor of the Defendant and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

(c)     Plaintiffs demand judgment in their favor and against each named Defendant On their Third Cause of Action, and request that this Court REVERSE the hearing officer's order granting Defendant's motion for summary judgment in favor of the Defendant and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

(d)     Plaintiffs demand judgment in their favor and against each named Defendant On their Fourth Cause of Action, and request that this

24

Court award them their reasonable costs associated with this action, which are believed to exceed $500.00.

(e)    Plaintiffs respectfully ask this Court to award them any other relief the Court deems fair, just and equitable under the circumstances of this action.

(f)    Plaintiffs ask this Court to *take jurisdiction of Plaintiff Meg Reynolds' retaliation claims* arising under § 1415(b) of the I.D.E.A. and Section 504 of the Rehabilitation Act.

Plaintiff Meg Reynolds reserves her right to amend and/or supplement her complaint in the event this court retains jurisdiction over her Section 504/ADA retaliation, harassment and intimidation claims.

Dated this 18th day of March, 2008

_____
Meg Reynolds, pro se and for
Plaintiff Tom Reynolds-Ejzak

Meg Reynolds
_____
Print Name
1166 South Clinton Avenue
Oak Park, IL 60304
Telephone:  312-297-6935
Fax:  312-297-5956
E-Mail Address:
megreynolds@sbcglobal.net

25