IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meg Reynolds, individually and on behalf, of her minor child Tom Reynolds-Ejzak,<br><br>      Plaintiff,<br>v.<br><br>Oak Park-River Forest School District 200, Local School District, Board of Education of Oak Park-River Forest School District No. 200, and The Illinois State Board of Education,<br><br>      Defendants. | Case No. 08-C-1507<br>Judge John W. Darrah |

## MOTION TO DISMISS AMENDED COMPLAINT

Now Comes Defendants Oak Park & River Forest High School District 200 and Board of Education of Oak Park & River Forest High School District No. 200 ("School District") by its attorneys, Franczek Sullivan P.C. and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves that this Court dismiss with prejudice Plaintiff's Amended Complaint. In support of said motion, Defendant states as follows:

1. On March 13, 2008 Plaintiff filed her Complaint appealing a decision by an independent hearing officer appointed by the Illinois State Board of Education pursuant to the Individuals With Disabilities Education Improvement Act, 20 U.S.C. §1401 et seq. ("IDEA").

2. On March 18, 2008 Plaintiff filed an Amended Complaint.

3. The underlying administrative decision was issued on November 13, 2007 (¶ 54 of Amended Complaint). A copy of that decision was referenced but not attached to either Plaintiff's Complaint or Amended Complaint. A true and correct copy of the decision and the envelope evidencing its mailing are Exhibits 1 and 2 to the Affidavit of John A. Relias attached hereto as Exhibit A.

372585.1

4. Pursuant to Section 1415(i)(2)(B) of the IDEA Plaintiff:

[S]hall have 90 days from the date of the decision of the hearing officer to bring such an action, or if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State laws allows.

5. Section 5/14-8.02(a)(i) of the Illinois School Code provides in pertinent part:

Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h).

6. Herein, the due process decision was mailed to the parties on November 13, 2007. (Exhibit 1, Certificate of Service and Exhibit 2 to the Affidavit of John A. Relias.)

7. The Complaint in this case was filed 121 days after the decision was mailed to the parties. Therefore, the Amended Complaint is barred by the applicable statute of limitations.

WHEREFORE, Defendants Oak Park & River Forest High School District No. 200 and Board of Education of Oak Park & River Forest High School District 200 requests that Plaintiff's Amended Complaint be dismissed with prejudice.

        Oak Park & River Forest High School District No. 200 and Board of Education of Oak Park & River Forest High School District No. 200

        By:: s/John A. Relias
            John A. Relias – 02313081
            jar@franczek.com

        John A. Relias
        FRANCZEK SULLIVAN P.C.
        300 South Wacker Drive, Suite 3400
        Chicago, IL 60605
        (312) 986-0300
        Dated: March 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Defendants' Motion to Dismiss Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 21st day of March, 2008:

> Meg Reynolds
> 1166 South Clinton Avenue
> Oak Park, IL  60304

I further certify that I mailed a copy of the Motion to Meg Reynolds by first class postage prepaid U.S. mail on this 21st day of March, 2008.

> By:  s/John A. Relias
>      John A. Relias – 02313081
>      jar@franczek.com


FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60605
(312) 986-0300

372585.1

| | |
|---|---|
| STATE OF ILLINOIS) | **EXHIBIT A** |
| ) SS | |
| COUNTY OF COOK ) | |

### AFFIDAVIT OF JOHN A. RELIAS

John A. Relias, being first duly sworn, deposes and states as follows:

1. That I am the attorney representing the Board of Education of Oak Park & River Forest High School District 200 and Oak Park & River Forest High School District No. 200 ("School District") in Case No. 08 CV 1507 in the United States District Court for the Northern District of Illinois and in the underlying administrative matter entitled <u>Tom Reynolds-Ejzak v. Oak Park-River Forest School District 200</u>, Case No. 2008-0100, Illinois State Board of Education.

2. That attached hereto as Exhibit 1 is a true and correct copy of the Hearing Officer's Order and Certificate of Service I received in Case No. 2008-0100.

3. That the Certificate of Service states that the order was mailed to the parties on November 13, 2007.

4. That attached here to as Exhibit 2 is a true and correct copy of the envelope in which the Order was placed. Said envelope has a post-marked date of November 13, 2007.

FURTHER AFFIANT SAYETH NOT.

_____
John A. Relias

Subscribed and sworn to before me
this 21st day of March, 2008.

_____
Notary Public

OFFICIAL SEAL
LINDA T BROKENSHIRE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/14/08

372634.1

## ILLINOIS STATE BOARD OF EDUCATION

| | |
|---|---|
| Tom Reynolds-Ejzak,<br>  Student,<br><br>v.<br><br>Oak Park - River Forest SD 200,<br>Local School District. | Case No. 2008-0100<br><br>Sheana C. Hermann<br>Impartial Hearing Officer |

### ORDER ON DISTRICT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

  This matter comes before this Impartial Due Process Hearing Officer on Oak Park and River Forest School District 200's ("District") Motion to Dismiss and For Summary Judgment, the District represented by its attorney John Relias of Franzcek Sullivan, P.C., the Parent, Meg Reynolds, representing the above referenced Student ("Student"), parties having submitted briefs and supporting documentation;

**IT IS HEREBY ORDERED:**
1. District's Motion to Dismiss with Prejudice is granted;
2. District's Motion For Summary Judgment is granted;
3. Parent's request to Amend the Complaint is denied; and
2. The District is not required to take any further action in this matter.

**Background**

  The Student is currently a high school student at the District school. His birth date is 5/26/1990. The Student has been identified as having a disability which qualifies for protection under the Individuals with Disabilities Improvement Act (IDEIA). The Parent filed a Due Process Hearing Request dated September 21, 2007 which was received by the Illinois State Board of Education (ISBE) on September 27, 2007 (See Attached Complaint). In her complaint the Parent states as follows:

*"Description of Dispute(s)*
-Retaliation, threats and interference by Special Ed and regular education staff in response to my requests for my child's IEP accommodations, including:

> -Special Ed director's telephone harassment and threats necessitating police reports to stop it (repeated calls, threatening to confront the chief officer at my workplace, threatening to come downtown to confront me in the workplace, threatening to schedule illegal IEP meetings on 2 days' notice), **September 2005;**
> -Retaliation by Special Ed staff by initiating contact with my ex-husband (to invite



him to my child's IEP meeting though he has no legal decision making authority for child's education), and similar incidents, **2006-2007 school year**

-Teacher manipulation of my child's grades to reflect "As" and "Bs" where my child did not complete reading or homework assignments (because he did not have written assignment information as required by his IEP), **2005-2006 school year.**

-Failure by District 200 School Board to oversee, investigate and take any formal action regarding Special Ed director's retaliation, misconduct and refusal to provide IEP accommodations, not withstanding parent's entreaties and repeated communication that child's accommodations were not being provided, **September 2005-June 2007.**

-Retaliation by my child's teachers against me and my child for my attempts to obtain child's IEP accommodations (including withholding requested assignment information for extended periods, though this information would have been freely given to a parent of another student; inviting me to take my child out of their class; sending me offensive messages, etc.), **August – December 2005.**

-Failure and refusal to consistently implement child's IEP "notetaker" accommodation in a manner that met his needs for daily comprehensive, detailed written information recording the discussion and activities in his academic classes and daily detailed written assignment information, **2005-2006 school year.**

-Failure to implement an effective system for effectively and meaning fully delivering this accommodation on a daily basis to my son, **2005-2006, 2006-2007 school years.**

-Refusal and failure to memorialize IEP team's agreements from **January 2006 IEP meeting** in IEP paperwork subsequently given to parent (Special Ed director refused to provide it at the meeting).

-Failure to consider the child's needs and anticipated needs and to revise the IEP to address information about the child provided by the parent, **January 2006 IEP meeting,."**

The District filed its response and Motion to Dismiss and for Summary Judgment on October 1, 2007. (See attached District's Response and Motion). In its response the District reiterated the issues combining the last two issues. The Parent filed her reply on November 5, 2007. In her reply the Parent also states she wishes to amend her complaint to include the current school year. That request is denied.

**Conclusion**

Based upon review of the briefs submitted by the parties, written documentation, and case law the District's Motion to Dismiss and for Summary Judgment is granted.

**Motion to Dismiss Issues One Through Three**

The District is correct in its analysis of IDEIA's Federal Regulation at 34 CFR Section 300.507(a)(1) which states:

> A parent or a public agency may file a due process complaint on any of the matters described in Section 300.503(a)(1) [relating to the identification, evaluation or educational placement of a child with a disability or the provision of FAPE to the child].

In her first three issues, the Parent is requesting relief on the basis of retaliation along with the School Board's failure to take action to the retaliation. The Parent fails to state a cause of action under IDEIA in which this hearing officer has jurisdiction or can grant relief.

**Summary Judgment of the Remaining Issues**

The fourth and fifth issues as stated by the parent have already been litigated by the United States Department of Education, Office for Civil Rights ("OCR") and by ISBE. On December 18, 2006 OCR issued a decision that the District did not fail to implement the IEP for the 2005-2006 school year and the Parent failed to establish a prima facie case of retaliation. (See SD Ex. A). ISBE's decision found that the District met the required note taking provision of the Student's IEP and concluded that the Student was making progress through his IEP. (See SD. Ex. B).

As to the last two issues, again ISBE rendered a ruling on March 17, 2006 that the District had met with the Parent and her attorney at the time, and provided a clearly defined note taking policy (See SD. Ex. H.).

What is most relevant from the rulings by OCR and ISBE, is their finding of fact. Both OCR and ISBE have made findings that the District has complied in its note taking requirement and that the Student is making progress in his program. There is no issue as to these facts from these reviewing boards. The Parent has failed to bring any further evidence that would bring these conclusions into question.

Further both the District and the Parent has provided evidence that the Student is benefiting from his education. Both Parent and the District have provided documentation that the Student is mainly receiving "A's" and "B's." (See SD Ex. E and F). The Parent provided a copy of the Student's AP College English class grade in which his cumulative grade is a "C." (See P Ex. 8). Based upon the previous rulings and the documents provided by the parties showing that the Student is more than adequately progressing in his classes, it is clear that the Student is receiving an educational benefit as required by IDEIA and case law as prescribed by the landmark case, *Board of Education if the Hendrick Hudson Central School District v. Rowley*, 553 IDELR 656 (U.S. 1982).

## Conclusion

Parents issues one through three do not state a cause of action under 34 CFR Section 300.507(a)(1) in which this hearing officer has jurisdiction or can provide relief as those issues relate to retaliation. The District is entitled to summary judgment to the remaining issues as the previous fact finding decisions and the documentation show the Student made adequate progress for the 2005-2006, 2006-2007 school years pursuant to IDEIA and *Rowley* and the District is implementing the Student's IEP note taking provision.

## **Finality of Decision:**
This order shall be binding upon all parties.

## **Right To Request Clarification**
Either party may request clarification of this order by submitting a written request for such clarification to the undersigned hearing officer within five (5) days of receipt of this decision. The request for clarification shall specify the portions of the order for which clarification is sought, and a copy of the request shall be mailed to the other party(ies) and to the Illinois State Board of Education. **The right to request such a clarification does not permit a party to request reconsideration of the order itself, and the hearing officer is not authorized to entertain a request for reconsideration.**

## **Right to File Civil Action:**
Any party to this hearing aggrieved by the final order has the right to commence a civil action with respect to the issues presented. Pursuant to 105 ILCS 5/14-8.02(i), that civil action shall be brought in any court of competent jurisdiction within 120 days after this order was mailed.

## **Date of Order:**
This Order rendered this 13th day of November 2007.

Entered:

Sheana Hermann
Impartial Due Process Hearing Officer

## CERTIFICATE OF SERVICE

The undersigned hearing officer certified that she served copies of the aforesaid Decision and Order upon Parent, District through its Counsel, and the Illinois State Board of Education on November 13, 2007 at their stated addresses by depositing same with the United States Postal Service at Lake Forest, Illinois with proper next day postage paid before 5:00 PM.

Sheana Hermann
Impartial Due Process Hearing Officer

Case 1:08-cv-01507   Document 9-2   Filed 03/21/2008   Page 7 of 7

Sheana C. Hermann
736 North Western Avenue
PMB 148
Lake Forest, Illinois 60045

**CERTIFIED MAIL**



7006 0810 0002 7108 0376



U.S. POSTAGE
PAID
LAKE FOREST, IL
60045
NOV 13, '07
AMOUNT
$5.38
00067426-14

0000   60606

RETURN RECEIPT
REQUESTED



EXHIBIT 2

Mr. John A. Relias
Franczek Sullivan P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606



606063670& C003