IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meg Reynolds, individually and on behalf, of her minor child Tom Reynolds-Ejzak,<br><br>　　　　Plaintiff,<br>　　v.<br><br>Oak Park-River Forest School District 200, Local School District, Board of Education of Oak Park-River Forest School District No. 200 and The Illinois State Board of Education,<br><br>　　　　Defendants. | Case No. 08-C-1507<br>Judge John W. Darrah |

### MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

**INTRODUCTION**

On November 13, 2007, an independent hearing officer issued her decision in a special education dispute involving Plaintiff Meg Reynolds, individually and on behalf of her minor child, Tom Reynolds-Ejzak and Oak Park & River Forest High School District No. 200 ("School District").

The decision, adverse to the Plaintiff, was mailed to the parties on November 13, 2007 (Exhibit A to Motion to Dismiss). Pursuant to Section 1415(i)(2)(B) of the Individuals with Disabilities Improvement Act, 20 U.S.C. § 1415(i)(2)(B) ("IDEA"), Plaintiff had 90 days or such time as the applicable Illinois statute provided for commencing such a lawsuit. The applicable Illinois statute, 105 ILCS 5/14-8.02a(i) provides an aggrieved party with 120 days after an administrative hearing decision is mailed to commence a civil action appealing that decision.

372580.1

Herein, Plaintiff filed her lawsuit on March 13, 2008 or 121 days after the adverse administrative decision was mailed to the parties.

**ARGUMENT**

The Seventh Circuit in <u>Dell v. Township High School District 113</u>, 32 F. 3d 1053 (7th Cir. 1994) utilizing this same Illinois statute, ruled that a complaint appealing an adverse special education administrative decision filed 121 days after that decision was mailed to the parties was time barred.

While this decision was issued prior to the recent IDEA re-authorization, the Seventh Circuit utilized the Illinois School Code's 120 day statute of limitations found in Section 5/14-8.02a(i). [then codefined as Section 14[14-8.02(j)]. The Seventh Circuit stated:

> The time period between the mailing of the Level II decision on November 13, 1989 and the Dells' filing of their complaint on March 14, 1990 was 121 days. There is no dispute about the calculation of the 121 days. 32 F.3d at 1056, fn. 8.

The district court dismissed the appeal because it was 1 day late and the Seventh Circuit affirmed that part of the trial court's decision. Id. at1062.

The same result is found in two cases from the District of Columbia, <u>Smith v. District of Columbia</u>, 2007 WL 217291* (D. D.C. 2007) and <u>R.P. v. District of Columbia</u>, 474 F. Supp. 2d 132 (D.D.C. 2007). Therein, the federal court applied IDEA's 90 day statute of limitations and dismissed appeals that were filed 94 days (<u>Smith</u>) and 91 days (<u>R.P.</u>) after the administrative decision.

Thus, in <u>Smith</u> the Court held:

> Here, the 90-day limitation period began running on the date of the HOD [Hearing Officer's Decision], October 27, 2006, and ended on January 25, 2007. Smith filed her complaint on January 29, 2007, after the expiration of the statute of limitations period. 2007 WL 217291*2.

And in <u>R.P.</u>, the Court similarly held:

      Although the Court is sympathetic that the complaint alleges that a child is being denied adequate education, the Court finds that Section 1415 of IDEA clearly contemplates only ninety days form the date of the HOD in which to file a civil action and this complaint was filed one day too late. 474 F. Supp.2d at 154.

      Herein, as previously noted, Section 5/14-8.02a(i) of the Illinois School Code, 105 ILCS 5/14-8.02a(i), prescribes a 120 day statute of limitations for appeals of administrative special education decisions or 30 days longer than IDEA's own limitations period. The instant complaint was filed 121 days after the administrative decision was mailed to the parties. Pursuant to Dell, Smith and R.P., the complaint must be dismissed with prejudice.

                        Oak Park & River Forest High School District No. 200 and Board of Education of Oak Park & River Forest High School District No. 200


                        By:: s/John A. Relias
                           John A. Relias – 02313081
                           jar@franczek.com


                        John A. Relias
                        FRANCZEK SULLIVAN P.C.
                        300 South Wacker Drive, Suite 3400
                        Chicago, IL 60605
                        (312) 986-0300

                        Dated: March 21, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Defendants' Memorandum of Law in Support of Its Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 21st day of March, 2008:

>Meg Reynolds
>1166 South Clinton Avenue
>Oak Park, IL  60304

I further certify that I mailed a copy of the Memorandum to Meg Reynolds by first class postage prepaid U.S. mail on this 21st day of March, 2008.

>By:  s/John A. Relias
>     John A. Relias – 02313081
>     jar@franczek.com

>FRANCZEK SULLIVAN P.C.
>300 South Wacker Drive
>Suite 3400
>Chicago, IL 60605
>(312) 986-0300