IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Meg Reynolds**, individually and on behalf of her minor child **Tom Reynolds-Ejzak**,<br><br>      Plaintiff(s),<br><br>Vs.<br><br>**Oak Park-River Forest School District 200, Local School District; Board of Education of Oak Park-River Forest School District 200; and The Illinois State Board of Education,**<br><br>      Defendants. | CASE NO. 08-C-1507<br>Judge John W. Darrah |

## PLAINTIFFS' OPPOSITION AND OBJECTION TO DEFENDANT ILLINOIS STATE BOARD OF EDUCATION'S MOTION FOR EXTENSION OF TIME TO ANSWER

Plaintiff Meg Reynolds, individually and on behalf of her minor child Tom Reynolds-Ejzak, responds and objects to Defendant Illinois State Board of Education's Motion for Extension in order to file an "administrative record."

In opposition to the Defendant Illinois State Board of Education's Motion to extend the time to answer Plaintiff's Amended Complaint, Plaintiffs state as follows:

1. DEFENDANT'S MOTION: Plaintiff filed this lawsuit on March 13, 2008, and filed an Amended Complaint on March 18, 2008. Defendant ISBE currently has until April 8, 2008 to answer or otherwise plead to the Amended Complaint. ISBE plans to file the underlying record as its answer.

**RESPONSE:** Plaintiffs dispute ISBE's assertion that it can file the "underlying record" as its entire Answer to the Amended Complaint. Otherwise, Paragraph 1 of Defendants' Motion for Extension is not disputed.

2. **DEFENDANT'S MOTION:** Defendant ISBE is currently preparing the record of administrative proceedings and transcribing same from the hearing officer. ISBE will mail the completed record from Springfield, Illinois, in approximately four weeks.

**RESPONSE:** Plaintiffs dispute the statement in Paragraph 2 of Defendant ISBE's Motion for Extension. There were no administrative proceedings of any substance in the underlying administrative matter. There was no hearing, no pre-hearing conference, no mandatory resolution session, no mediation prior to the hearing officer's ruling, little or no correspondence, no conversation, no nothing before the hearing officer dismissed Plaintiffs' complaints. The administrative record consists of the original request for a due process hearing, the Defendant School District's motions for dismissal and for summary judgment, a response to those motions, a final decision and order from the Hearing Officer, and very limited correspondence, some of which was never mailed to Plaintiffs but only posted on the ISBE special education data website. Therefore, there could not possibly be a need for transcription. Much of the limited record that does exist is still posted on the ISBE special education data website and can be downloaded in less than an hour. No mailing should be necessary.

3. **DEFENDANT'S MOTION:** This motion is not being brought for dilatory purposes.

**RESPONSE:** Paragraph 3 of Defendant's Motion is disputed. The entire record below consists of the papers Plaintiffs have already filed with their Complaint and Amended Complaint. No transcript exists because no evidentiary hearing or pre-hearing conferences were conducted by the Hearing Officer. Many of the records from the matter

below are available for downloading on the ISBE web site. On information and belief, counsel for Defendant ISBE has had more than enough time from the date of Plaintiffs' service of the Complaint and Amended complaint to gather what few papers exist that make up the record below. Counsel gives the Court no valid reason for needing extra time.

4. DEFENDANT'S MOTION: Counsel for ISBE, Rachel Fleishmann, AAG, left phone messages for both the Counsel for the Defendants and for the Plaintiff, Meg Reynolds, on April 7, 2008 and received responses from both parties. Counsel for the other Defendants does not object to this Motion for Extension of Time. The Plaintiff, Meg Reynolds, does object to the request for an extension of time to file the administrative record.

**RESPONSE:** Paragraph 4 of Defendant's Motion is disputed because the statement is incomplete and misleading. Counsel for ISBE left a phone message for Plaintiff at ten minutes before the close of business at 5:00 p.m. on April 7, 2008, which was less than one day before her client's answer was due. Counsel said that she would tell the Court that Plaintiffs agreed to the extension unless she heard from them otherwise. She did not return Plaintiff's call to discuss the particulars of her client's need for an extension or to inquire further. Instead, Counsel for ISBE filed their request asking for a full month's extension. An extension time of any duration should not have been necessary.

**WHEREFORE,** Plaintiffs respectfully ask this Court to DENY Defendant ISBE's request for an extension of time to answer Plaintiffs' Amended Complaint.

Dated this 10th day of April, 2008

Respectfully Submitted,

_____
Meg Reynolds, pro se and for Plaintiff Tom Reynolds-Ejzak

_Meg Reynolds_
Print Name

1166 South Clinton Avenue
Oak Park, IL 60304
Telephone: 312-297-6935

Certified mail:
Meg Reynolds
C/o BCBSA
225 N. Michigan Ave.
Chicago, IL 60601