IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meg Reynolds, individually and on behalf of her minor child Tom Reynolds-Ejzak, ) ) ) | |
| Plaintiff(s), ) ) ) | |
| Vs. ) ) | CASE NO. 08-C-1507<br>Judge John W. Darrah |
| Oak Park-River Forest School District 200, Local School District; Board of Education of Oak Park-River Forest School District 200; and The Illinois State Board of Education, ) ) ) ) ) ) | |
| Defendants. | |

FILED APR 10 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**MOTION TO EXTEND
UNDER F.R.APP.P. RULE 4(a)(5)**

Plaintiff Meg Reynolds, individually and on behalf or her minor child Tom Reynolds-Ejzak, submits this Motion pursuant to Federal Rule of Appellate Procedure 4(a)(5) requesting that this Court extend the time to file a notice of appeal of a hearing officer's decision beyond the 120 days described in the Illinois School Code.

In support of this Motion, Plaintiffs state:

1. Federal Rule of Appellate Procedure Rule 4(a)(5), as amended effective December 1, 2007, states, in pertinent part:

"(5)   Motion for Extension of Time.

   (A)   The district court may extend the time to file a notice of appeal if:

  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

  (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

2. F.R.App.R. 4(a)(5) has been applied by a federal court to extend the time for filing a notice of appeal of a hearing officer's administrative ruling under the Individuals with Disabilities in Education Act ("IDEA"). See *Zipperer v. Sch. Bd of Seminole County, Florida*, 111 F.3d 847 (11th Cir. 1997).

3. The Seventh Circuit has held that "excusable neglect" under Rule 4(a)(5) will generally be found under appropriate circumstances, such as in situations involving "uncontrollable delays in the delivery of mail," or other "unpredictable events that affect the delivery of the notice of appeal to the clerk." *Redfield v. Continental Casualty Corp.*, 818 F.2d 596 (7th Cir. 1987).

4. Accordingly, based on "excusable neglect" as described in the attached Declaration and Affidavit of Meg Reynolds, Plaintiffs respectfully ask this Court to extend the time for Plaintiffs to file their Appeal of the decision issued by the due process hearing officer appointed by the Illinois State Board of Education in this underlying matter.

5. Plaintiffs respectfully request that the time for filing the Appeal be extended to and including March 13, 2008.

Dated this 10th day of April, 2008

Respectfully Submitted,

_____
Meg Reynolds, pro se and for Plaintiff Tom Reynolds-Ejzak

_____
Print Name *Meg Reynolds*

1166 South Clinton Avenue

Oak Park, IL 60304

Telephone: 312-297-6935

Fax: 312-297-

E-Mail Address:

megreynolds@sbcglobal.net

for certified mail:

c/o BCBSA
225 N. Michigan Ave.
Chicago, IL 60601

## DECLARATION OF MEG REYNOLDS
## IN SUPPORT OF PLAINTIFFS' MOTION FOR ENLARGEMENT
## UNDER F.R.Civ.P. RULE 4(a)(5)

I, Meg Reynolds, declare as follows:

6. I am a pro se litigant and the mother of the child with disabilities at issue in this matter. If called upon to testify, I could and would competently testify to the facts stated in this Declaration.

7. On March 13, 2008, I filed a Complaint with this Court appealing the dismissal of all of my special education due process complaints by the hearing officer appointed by the Illinois State Board of Education ("ISBE") (without holding or even scheduling a hearing, pre-hearing conference or exchange of documents, information and witness lists, and before a resolution session or mediation could be held). I amended my Complaint on March 18, 2008.

8. On March 21, 2008, Defendants Oak Park-River Forest School District 200, Local School District and Board of Education of Oak Park-River Forest School District 200 ("Defendant School District") filed a Motion to Dismiss my Complaint on the sole ground that it was filed 121 days after the hearing officer mailed her ruling to Defendant School District.

9. For the following reasons, I respectfully request that the time for filing the Complaint be extended to and including March 13, 2008.

   a. The ruling on the due process case underlying this action was never "mailed" to me at my requested address and in fact was sent via certified mail to an address I expressly asked the Due Process Coordinator *not* to use due to problems with certified mail delivery there. See Affidavit of Meg Reynolds, attached to Response to Defendants' Motion to Dismiss.

4

b.  As a result of this erroneous address, U.S. Post Office records show that the Hearing Officer's certified mailing was never delivered but was instead "returned to sender" 3 weeks later at the Hearing Officer's Mail Boxes, Etc. storefront mailing address in Lake Forest, Illinois -- on December 5, 2007.

c.  To my knowledge, there is no evidence that the Hearing Officer re-attempted delivery after her certified mailing was "returned to sender" undelivered.

d.  In any event, I received no notice of this mailing at all until November 19, 2007, when a certified mail slip was delivered to my home in Oak Park, six days after the date that appears on the Hearing Officer's ruling. Although I signed the slip and placed it outside for the postman requesting delivery, it was not delivered.

e.  In addition, in preparing and filing my Complaint, I was unrepresented by legal counsel. Instead, I worked with an out-of-state advocate who is unfamiliar with the local procedural and filing rules and relied on me to correctly interpret these rules and statutes.

f.  As a result of the confusion and delivery failures surrounding this mailing, I miscalculated the limitations period.

g.  I acted in good faith in bringing my Complaint to address the School District's and Illinois State Board of Education's denial of my rights and my minor child's rights.

h.  The delay can be attributed to uncontrollable delays in the delivery of mail or other unpredictable events.

i.  There should be no prejudice to the Defendants and no appreciable impact on the judicial proceedings in this case if the Illinois statute of limitations period is extended under Rule 4(a)(5).

j.  The facts described here and in the attached Affidavit of Meg Reynolds should amply support a finding of excusable neglect under Rule 4(a)(5).

I declare under the penalty of perjury that the foregoing is true and correct.

Date: 4/10/08

_____
Meg Reynolds