# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**Meg Reynolds,** individually and on behalf of
her minor child **Tom Reynolds-Ejzak,** )
)
)
          Plaintiff(s), )
)
Vs. )     CASE NO.  08-C-1507
)     Judge John W. Darrah
**Oak Park-River Forest School District 200,** )
**Local School District; Board of Education** )
**of Oak Park-River Forest School District** )
**200; and The Illinois State Board of**
**Education,**

          Defendants.

## MOTION FOR EXTENSION
## UNDER F.R.CIV.PROC. RULE 6(B)

  Plaintiff Meg Reynolds, individually and on behalf or her minor child Tom
Reynolds-Ejzak, submits this Motion pursuant to Federal Rule of Civil Procedure 6(b)
requesting that this Court expand the limitations period under the Illinois School Code
beyond 120 days.  In support of this Motion, Plaintiffs state:

  1.  Federal Rule of Civil Procedure Rule 6(b), as amended effective
    December 1, 2007, states:

    "(1) In General.  When an act may or must be done within a specified
    time, the Court may, for good cause, extend the time:

      (A) with or without motion or notice if the Court acts, or if a
        request is made, before the original time or its extension
        expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect."

2.      The Seventh Circuit has defined "excusable neglect" under Rule 6(b) as "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." See *Robb v. Norfolk & W. R.R. Co., 122 F.3d 354, 359 (7th Cir. 1997).*

3.      For good cause and "excusable neglect" as set forth in the attached Declaration and Affidavit of Meg Reynolds attached to the Response to Defendant School District's Motion to Dismiss, Plaintiffs respectfully requests that this Court enlarge and extend the time for Plaintiffs to file their Appeal of the decision in the underlying matter issued (without an evidentiary hearing) by the due process hearing officer appointed by the Illinois State Board of Education.

4.      Plaintiffs respectfully request that the time for filing the Appeal be enlarged to and including March 13, 2008.

Dated this 10th day of April, 2008

Respectfully Submitted,

Meg Reynolds, pro se and for Plaintiff Tom Reynolds-Ejzak

Meg Reynolds

Print Name

1166 South Clinton Avenue

Oak Park, IL 60304

Telephone: 312-297-6935

Fax: 312-297-

E-Mail Address:

megreynolds@sbcglobal.net

for certified mail:

c/o BCBSA

225 N. Michigan Ave.

Chicago, IL 60601

## DECLARATION OF MEG REYNOLDS
## IN SUPPORT OF PLAINTIFFS' MOTION FOR ENLARGEMENT
## UNDER F.R.Civ.P. RULE 6(b)

I, Meg Reynolds, declare as follows:

5.    I am a pro se litigant and the mother of the child with disabilities at issue in this matter. If called upon to testify, I could and would competently testify to the facts stated in this Declaration.

6.    On March 13, 2008, I filed a Complaint with this Court appealing the dismissal of all of my special education due process complaints by the hearing officer appointed by the Illinois State Board of Education ("ISBE") (without holding or even scheduling a hearing, pre-hearing conference or exchange of information, documents or witness lists, and before a mandatory resolution session or mediation could be held). I amended my Complaint on March 18, 2008.

7.    On March 21, 2008, Defendants Oak Park-River Forest School District 200, Local School District and Board of Education of Oak Park-River Forest School District 200 ("Defendant School District") filed a Motion to Dismiss my Complaint on the sole ground that it was filed 121 days after the hearing officer mailed her ruling to Defendant School District.

8.    For the following reasons, I respectfully request that the time for filing the Complaint be enlarged and extended to and including March 13, 2008.

a.    The ruling on the due process case underlying this action was never "mailed" to me at my requested address and in fact was sent via certified mail to an address I expressly asked the Due Process Coordinator *not* to use due to problems with certified mail delivery there. See Affidavit of Meg Reynolds, attached to Response to Defendants' Motion to Dismiss.

b.   As a result of this erroneous address, U.S. Post Office records show that the Hearing Officer's certified mailing was never delivered but was instead "returned to sender" 3 weeks later at the Hearing Officer's Mail Boxes, Etc. storefront mailing address in Lake Forest, Illinois -- on December 5, 2007.

c.   To my knowledge, there is no evidence that the Hearing Officer re-attempted delivery after her certified mailing was "returned to sender" undelivered.

d.   In any event, I received no notice of this mailing at all until November 19, 2007, when a certified mail slip was delivered to my home in Oak Park, six days after the date that appears on the Hearing Officer's ruling. Although I signed the slip and placed it outside for the postman requesting re-delivery, it was not re-delivered.

e.   In addition, in preparing and filing my Complaint, I was unrepresented by legal counsel. Instead, I worked with an out-of-state advocate who is unfamiliar with the local procedural and filing rules and relied on me to correctly interpret these rules and statutes.

f.   As a result of the confusion surrounding this mailing, I miscalculated the limitations period.

g.   I acted in good faith in bringing my Complaint to address the School District's and Illinois State Board of Education's denial of my rights and my minor child's rights.

h.   The delay created by the ineffective mailing was not within my reasonable control; or, in the alternative, resulted from a lack of care caused by confusion and lack of legal representation.

i.   There should be no prejudice to the Defendants and no appreciable impact on the judicial proceedings in this case if the Illinois statute of limitations period is extended under Rule 6(b).

j.   The facts described here and in the attached Affidavit of Meg Reynolds should amply support a finding of excusable neglect under Rule 6(b).

I declare under the penalty of perjury that the foregoing is true and correct.

Date: 4/10/08

Meg Reynolds