IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meg Reynolds, individually and on behalf of her minor child **Tom Reynolds-Ejzak**, <br><br> Plaintiff(s), <br><br> Vs. <br><br> **Oak Park-River Forest School District 200,** Local School District; Board of Education of Oak Park-River Forest School District 200; and The Illinois State Board of Education, <br><br> Defendants. | CASE NO. 08-C-1507 <br> Judge John W. Darrah |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Meg Reynolds, individually and on behalf of her minor child Tom Reynolds-Ejzak, responds and objects to Defendants' Motion to Dismiss her Amended Complaint with this Response In Opposition and accompanying Affidavit. The accompanying Affidavit of Meg Reynolds is attached and made a part of this response as **Exhibit A.**

### INTRODUCTION

Defendants Oak Park-River Forest School District 200, Local School District, and Board of Education of Oak Park-River Forest School District 200 ("Defendant School

1

District") filed their motion to dismiss under F.R.Civ.P. Rule 12(b)(6) on grounds that the 120-day statute of limitations prescribed by Illinois School Code Section 5/14-8.02a(i) expired one day before Plaintiffs filed their Complaint. The sole basis for Defendant District's motion is its assertion that Plaintiffs' appeal fails to state a claim on which relief can be granted because it is time-barred by this statute. Defendants contend that under the limitations statute, the time for appeal expired on March 12, 2008. Plaintiffs filed their action with this Court on March 13, 2008.

## RESPONSE

In Response to Defendants' Motion to Dismiss, Plaintiffs state as follows:

1. DEFENDANTS' MOTION: On March 13, 2008 Plaintiff Meg Reynolds filed her Complaint appealing a decision by an independent hearing officer appointed by the Illinois State Board of Education under the Individuals With Disabilities Education Improvement Act, 20 U.S.C. Sec. 1401 *et seq.* ("IDEA").

RESPONSE: Paragraph 1 of Defendants' Motion to Dismiss is not disputed.

2. DEFENDANTS' MOTION: On March 18, 2008 Plaintiff filed an Amended Complaint.

RESPONSE: Paragraph 2 of Defendants' Motion to Dismiss is not disputed.

2

3. **DEFENDANTS' MOTION:** The Hearing Officer issued her administrative final decision on November 13, 2007 (Para. 54 of Amended Complaint). A copy of that decision was referenced but not attached to either Plaintiff's Complaint or Amended Complaint. A true and correct copy of the decision and the envelope evidencing its mailing are Exhibits 1 and 2 to the Affidavit of John A. Relias atttached hereto as Exhibit A.

**RESPONSE:** The "issuance" of the underlying administrative decision is, or may be, a legal conclusion and so Plaintiffs dispute the first sentence of Paragraph 3 of Defendants' Motion to Dismiss. Plaintiffs do not dispute that the date listed on the written final decision is November 13, 2007. Plaintiffs dispute the third sentence of Paragraph 3 of Defendants' Motion to Dismiss because the copy of the decision and the envelope described may evidence a mailing to Defendants, but not to Plaintiffs.

4. **DEFENDANTS' MOTION:** Under Section 1415(i)(2)(B) of the IDEA Plaintiff:

> [S]hall have 90 days from the date of the decision of the hearing officer to bring such an action, or if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State laws allows.

**RESPONSE:** Plaintiffs do not dispute the excerpt from the federal statute in Paragraph 4 of Defendants' Motion to Dismiss to the extent that Defendants accurately represent the language of the federal statute at § 1415(i)(2)(B) of the IDEA. However, Plaintiffs do note that the federal statute cited by Defendants is not relevant to their Motion to Dismiss except as follows:

  (a) Illinois exercised its prerogative under 1415(i)(2)(B) to set its own statute of limitations under State law at 120 days, rather than 90 days as provided in the federal statute; and

  (b) The language of the Illinois statute of limitations, at 105 ILCS 5/14-8.02a(i) and (h), also changes the date on which the limitations period commences. Under the federal law cited above, the limitations period commences on "[t]he date of the decision of the hearing officer...." By contrast, under the Illinois law, the limitations period commences, with respect to a particular party, on *the date on which the hearing officer's written decision "[i]s mailed to the party."*

  Therefore, the Illinois limitations period cannot commence with respect to a particular party until the decision is properly mailed *to that party*.

  5. **DEFENDANTS' MOTION**: Section 5/14-8.02(a)(i) of the Illinois School Code provides in relevant part:

> Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h).

**RESPONSE**: Plaintiffs do not dispute the language of 5/14-8.02a(i) in Paragraph 5 of Defendants' Motion to Dismiss to the extent that Defendants accurately represent the language, but note for the Court that the proper citation is 5/14-8.02a(i).

4

Plaintiffs also note for the Court that an additional condition for triggering the limitations period under 5/14-8.02a(i) is "a hearing" conducted under 105 ILCS 5/14-8.02a(g) and (h), as reflected in the relevant language of subsection (h) reproduced below:

> (h) The impartial hearing officer shall issue a written decision, including findings of fact and conclusions of law, within 10 days after the conclusion of <u>the hearing</u> and mail a copy of the decision to the parents, guardian or student (if the student requests the hearing), the school district, the director of special education, legal representatives of the parties, and the State Board of Education. [Emphasis added.]

Plaintiffs note that during the underlying administrative case, the Hearing Officer did not hold a "hearing" or pre-hearing conference or communicate any scheduling of a hearing or pre-hearing conference to Plaintiffs. No mandatory resolution session or mediation occurred before the Hearing Officer issued her decision. There was no exchange of documents under the five-day rule or otherwise. There was no exchange of witness lists or other information. There was no meaningful opportunity to present evidence. The Hearing Officer carried out virtually none of the procedural requirements under the IDEA before she decided the case and issued her decision.

6. DEFENDANTS' MOTION: Herein, the due process decision was mailed to the parties on November 13, 2007. (Exhibit 1, Certificate of Service and Exhibit 2 to the Affidavit of John A. Relias.)

**RESPONSE:** Plaintiffs dispute Paragraph 6 of Defendants' Motion to Dismiss in its entirety. The due process decision was in fact never "mailed" to Plaintiffs' stated designated address of record. Instead, the Hearing Officer sent her final decision by

5

certified mail to the wrong address. U.S. Postal records show the mailing was not ever delivered. See Exhibit A, Affidavit of Meg Reynolds.

The only parties to whom the decision was apparently "mailed" were the Defendants. Thus the Illinois limitations period could not commence with respect to Plaintiffs on November 13, 2007 as alleged in Defendants' Motion to Dismiss because the requirements of 105 ILCS 5/14-8.02a(i) were not satisfied.

7. **DEFENDANTS' MOTION:** The Complaint in this case was filed 121 days after the decision was mailed to the parties. Therefore, the Amended Complaint is barred by the applicable statute of limitations.

**RESPONSE:** Plaintiffs dispute Paragraph 7 of Defendants' Motion to Dismiss for the reasons stated in their RESPONSE to Paragraph 6 of the Motion to Dismiss above. In addition, Plaintiffs note that even if the limitations period were held to have begun on November 13, 2007, Plaintiffs were unduly and unfairly prejudiced by the Hearing Officer's administrative failure because they had no way of knowing the date that appeared on the decision. That failure prejudiced Plaintiffs' ability to file their appeal by no fewer than, and as a factual matter more than, five days. Plaintiffs' time of filing has not prejudiced and should not prejudice the Defendants in this matter.

## CONCLUSION

Rights without remedies are meaningless. The IDEA gives all parties the right to appeal, or bring a civil action to challenge a final administrative hearing decision. The principle of due process as set forth in the IDEA, maintains that State and Local Education Agencies, students and parents should deal fairly with one another. Allowing Defendants to use their own negligence as grounds for a Motion to Dismiss would be unfair.

Plaintiffs respectfully ask this Court to find that the conditions of Section 5/14-8.02a(i) of the Illinois School Code for commencing the 120-day statute of limitations period on November 13, 2007 were not met in this case. The hearing officer failed to mail her final decision to the Plaintiff's stated mailing address of record.

In the alternative, Plaintiffs ask this Court to apply the principles of equitable tolling to extend the date for filing their Complaint. Plaintiffs ask this Court to find that strictly applying the 120-day limitations rule in this specific case will result in unfair prejudice to Plaintiffs and an unconstitutional deprivation without due process of law.

In addition, and also in the alternative, Plaintiffs ask this Court to extend the limitations period by one day to allow their Complaint to go forward, pursuant to F.R.Civ.P. Rule 6(b)(2) or F.R.App.P. Rule 4(a)(5).

**WHEREFORE**, Plaintiffs respectfully ask this Court to DENY Defendants' Motion to Dismiss and permit Plaintiffs' appeal action to go forward.

Dated this 10th day of April, 2008

Respectfully Submitted,

_____
Meg Reynolds, pro se and for Plaintiff Tom Reynolds-Ejzak

_____
Print Name: Meg Reynolds

1166 South Clinton Avenue
Oak Park, IL 60304
Telephone: 312-297-6935
Fax: 312-297-
E-Mail Address:
megreynolds@sbcglobal.net

For certified mailings:

c/o BCBSA
225 N. Michigan Ave.
Chicago, IL 60601