IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Meg Reynolds, individually and on behalf of   )
her minor child Tom Reynolds-Ejzak,           )
                                              )
            Plaintiff(s),                     )
                                              )
Vs.                                           )   CASE NO. 08-C-1507
                                              )   Judge John W. Darrah
Oak Park-River Forest School District 200,    )
Local School District; Board of Education     )
of Oak Park-River Forest School District      )
200; and The Illinois State Board of          )
Education,                                    )

            Defendants.

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## THEIR RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTORY SUMMARY

The key issue presented in Defendants' Motion to Dismiss is whether a wrongly addressed and undelivered final due process decision constitutes reasonable and acceptable notice to a party sufficient to trigger the statute of limitations under Section 5/14-8.02a(i) of the Illinois School Code.

On March 13, 2008, Plaintiffs filed their Complaint appealing a decision by an independent hearing officer appointed by the Illinois State Board of Education under the Individuals with Disabilities Education Improvement Act, 20 USC Sec. 1401 *et seq.* ("IDEA").

The Hearing Officer memorialized her decision in a written ruling that she dated November 13, 2007. Defendants have provided a photocopy of a certified mailing, dated November 13, 2007 and addressed to Defendants' attorney, as evidence that Plaintiffs filed their appeal one day too late. However, U.S. Postal and other records show that with respect to the Plaintiffs, the ruling was mailed to the wrong address and as a result was "returned to sender" undelivered 3 weeks later. There is no evidence that the

1

Hearing Officer attempted re-delivery of the ruling after receiving the returned mailing. Therefore, Defendant's copy of the receipt is not and cannot be relied on as proof that Plaintiffs' copy was in fact properly mailed to Plaintiffs on November 13, 2007 -- and so the statute of limitations cannot have commenced, if at all, until after that date.

Plaintiffs incorporate the Affidavit of Meg Reynolds attached to Plaintiffs' Response to Defendants' Motion to Dismiss and make it a part of this Memorandum.

## FACTUAL SUMMARY

1.　Plaintiffs' stated mailing address of record with the ISBE is 225 N. Michigan Avenue, Chicago, IL 60601.　See Affidavit of Meg Reynolds attached to Plaintiffs' Response, etc., at Paragraphs 3-7.

2.　There is evidence that Hearing Officer Sheana Hermann knew Plaintiffs' proper mailing address of record for ISBE due process correspondence before November 13, 2007 because she wrote to Plaintiffs before that date at Ms. Reynolds' stated address of record, which is 225 N. Michigan Avenue, Chicago, IL 60601.　See Affidavit of Meg Reynolds attached to Plaintiffs' Response, etc., at Paragraphs 6.

3.　There also is evidence that Hearing Officer Hermann considered "next day delivery" at each party's "stated addresses" to be proper notice of her ruling under Section 5/14-8.02a(i) because her Certificate of Service attached to the ruling states that she "served" the decision to the parties at their "stated addresses by depositing same with the United States Postal Service at Lake Forest, Illinois with proper next day postage paid before 5:00 PM." *See* Hearing Officer Hermann's Order on District's Motion to Dismiss and for Summary Judgment, submitted with Defendants' Motion to Dismiss, last page.

4.　Section 5/14-8.02a(i) of the Illinois School Code also appears to require notice to a party to an impartial due process hearing before the limitations period can commence with respect to that particular party. *See* Plaintiffs' Response to Defendants' Motion to Dismiss, paragraphs 4 and 5.

5. However, in this case, the Postal Service did not deliver the certified mail notice to Plaintiff's "stated address" at 225 N. Michigan Avenue, Chicago because it was erroneously addressed to Plaintiff's home address in Oak Park. See Affidavit of Meg Reynolds, Paragraphs 3-10, *reflecting Ms. Reynolds' request to have all mail sent to her office address in Chicago due to problems with certified mail delivery in Oak Park.*

6. In fact, U.S. Postal Service records show that Ms. Reynolds had no notice of any certified mailing at all until a certified mail notice ticket (not the actual mailing) was delivered to Plaintiff's home address until November 19, 2007 -- six days after Hearing Officer Hermann represented in her Certificate of Service that she placed her decision into the mail.

7. Based on the language of her signed Certificate of Service, Hearing Officer Hermann paid for and expected the U.S. Postal Service to deliver her decision and notice to all parties on the next day after mailing, which would have been November 14, 2007. However, the decision and notice that she said she mailed to Ms. Reynolds on November 13, 2007 was in fact "returned to sender" undelivered 3 weeks later at Ms. Hermann's Mail Boxes, Etc. mailing address in Lake Forest. See Affidavit of Meg Reynolds attached to Plaintiffs' Response, etc., at Paragraphs 11-14.

8. As a result, the first actual notice that Plaintiff Reynolds could possibly have had that a final decision may have been mailed to her by Hearing Officer Hermann was when she received a certified mail notice slip (not the actual mailing) at her erroneous address on November 19, 2007 -- five days *after* the date on which Hearing Officer Hermann's Certificate of Service states she expected Plaintiff to receive the decision.

9. Although Ms. Reynolds signed the back of the certified mail notice and placed it outside for the postman as directed, the certified mail letter was not in fact delivered and instead was "returned to sender" weeks later. See Affidavit of Meg Reynolds attached to Plaintiffs' Response, etc., at Paragraphs 11-14.

3

## ARGUMENTS

Due process is a variable concept that varies with the particular situation. Hamlin v. Vaudenberg, 95 F.3d 580 (7th Cir. 1996). Where a student has been determined eligible for special education services under the IDEA, he has an intangible property interest in the "free appropriate public education" guaranteed by the law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985) (child who enrolls in public school acquires a property interest in remaining there). As such, a special education student cannot be deprived of this interest without procedural due process. Daniels v. Williams, 474 U.S. 327 (1986).

Procedural due process means procedural safeguards designed to ensure fundamental fairness, such as the right to notice of a special education ruling and the opportunity to seek recourse in civil court where a party is aggrieved by the decision of an IDEA hearing officer. The State may erect reasonable procedural requirements for seeking recourse, such as a statute of limitations, and may terminate a claim for failure to comply with a reasonable procedural rule. See Logan v. Zimmerman Brush, 455 U.S. 422 (1982). But that procedural rule must first be designed to prevent the risk of an erroneous deprivation of such interest through the procedures used. McKenzie v. City of Chicago, 968 F.Supp. 1265 (N.D. Ill. 1997), citing Mathews v. Eldridge, 424 U.S. 319 (S.Ct. 1976).

In this case, the limitations rule is not sufficiently clear to prevent erroneous (or deliberate) deprivation. Section 5/14-8.02a(i) of the Illinois School Code provides that the statute of limitations for due process hearing appeals commences with respect to a particular party when a copy of the hearing officer's decision is "mailed to the party." If all goes well, timely delivery to the correct party at the correct address will provide the parties with sufficient notice and opportunity to invoke whatever remedy is available under the law – in this case, the IDEA or Illinois laws governing students with disabilities.

But Section 5/14-8.02a)(i), as drafted, does not take into account circumstances where, as in this case, a hearing officer's decision is "mailed" to the wrong address and does not reach a party. If a court strictly interprets the statutory language to mean that the limitations period begins running with respect to all parties when the decision is placed in

4

the mail to *any* one party, then there is a risk inherent in the design of 5/14-8.02a(i) that the statute of limitations will begin running or even expire before a party realizes it.

Meritorious claims could thus be unjustly terminated even if, through no fault of the recipient, a decision does not reach a party. Or the deprivation could be deliberate: a hearing officer who does not want his or her ruling to be appealed could produce this result merely by delaying prompt delivery or putting the wrong address on the mailing envelope. In this way, 5/14-8.02a(i) fails the procedural due process test because it is not reasonably designed to prevent deprivations or prejudice to a party. This Court should interpret 5/14-8.02a(i) in a way that guarantees fundamental fairness.

The mailing presumptions discussed below do provide sufficient notice if and only if the mailing was properly mailed using the proper procedures in the ordinary course of operation. Thus the statute of limitations period specified in 105 ILCS 5/14-8.02a(i) presumes hearing officers make timely mailings to a party's stated address of record.

**I.    The Illinois statute of limitations cited by Defendants in their Motion to Dismiss did not begin running on November 13, 2007 because the hearing officer's decision was not "mailed to Plaintiffs" on that date as required under the plain language of 105 ILCS 5/14-8.02a(i).**

In interpreting a statute, the Seventh Circuit looks first to the plain language of the statute. If that language is plain, the court's only role is "to enforce it according to its terms." Greenfield Mills, Inc. v. Macklin, 361 F.3d 934 (7th Cir. 2004).

Section 5/14-8.02a(i) of the Illinois School Code provides in relevant part:

> *Any party* to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed *to the party* as provided in subsection (h). *[Emphasis added.]*

Section (h) provides, in relevant part:

> "The impartial hearing officer shall issue a written decision ... within 10 days after the conclusion of the hearing and mail a copy of the decision to the parents, guardian or student (if the student requests the hearing), the school

5

district, the director of special education, legal representatives of the parties, and the State Board of Education."

The language of the statute is plain: 105 ILCS 5/14-8.02a(i) requires a mailing to the party before the limitations period can begin to run with respect to that party.

In this case, the administrative decision below may have been mailed to the Defendants on November 13, 2007, but it was never properly "mailed" to Plaintiff at her stated designated address of record with the ISBE. Rather, U.S. Postal records show the hearing officer's certified mailing was undelivered and "returned to sender" three weeks later. Plaintiffs did not ever receive this certified mailing from Hearing Officer Hermann.

The requirements of 105 ILCS 5/14-8.02a (h) and (i) were not met. Thus the limitations period with respect to Plaintiffs should not run from as early as the date that appears on the Hearing Officer's ruling (November 13, 2007) because it was never "mailed" to Ms. Reynolds at her designated mailing address as required by 105 ILCS Section 5/14-8.02a(i).

**II.    The Court cannot adopt Defendants' interpretation of 105 ILCS 5/14-8.02a(i) without first resolving the use of the terms "any party" and "to the party" in the first and second sentences of the statute.**

Defendants in this case argue that the limitations period should run from the date its records show the ruling was mailed via certified mail *to Defendants' attorney* on November 13, 2007. But Defendants' interpretation ignores the terms "any party" and "mailed to *the* party" that appear in the first and second sentences of Section 5/14-8.02a(i), respectively. Defendants would have this Court read this language as though it means the limitations period begins with respect to all parties (or *the* party) on the date the ruling is mailed to *any party*.

But in fact, these terms appear in the reverse order in the statute. That is, Section 5/14-8.02a(i) should be read to mean that the limitations period begins with respect to any particular party on the date the ruling is mailed to the (that) particular party. Plaintiffs believe the language of the statute is clear and unambiguous with respect to parties and party. Where there is ambiguity, though, the Court looks at the entire text and structure of the statute to determine its meaning. The Court will not construe a statute in a way

that makes words or phrases meaningless, redundant, or superfluous. United States v. Misc. Firearms, 376 F.3d 709 (7th Cir. 2004).

Taken as a whole, therefore, Section 5/14-8.02a(h) and (i) carry a presumption of proper mailing using the proper procedures in the ordinary course of operation. That is, the Illinois School Code statute of limitations cannot mean anything other than that the limitations period does not commence with respect to a given party *until* the final hearing decision has been placed in the mail with proper postage and addressed to that party at their correct stated addresses of record. This did not happen in Plaintiffs' case.

**III. Even if this Court finds that Plaintiffs received actual notice of the final decision date (if not the contents of the decision) on November 19, 2007 (the date on the certified mail notice ticket that Ms. Reynolds received), this would not by itself constitute valid service of process.**

Assuming for the sake of argument that Plaintiffs received actual notice of the final decision and mailing date on November 19, 2007 by virtue of receiving a notice of certified mail from the U.S. Postal service at her home address, this would not by itself constitute valid service of process. The Seventh Circuit has ruled that actual notice does not by itself constitute valid service of process where proper procedures were not followed in attempting to execute service of process. Homer v. Jones-Bey, 415 F.3d 748, 759 (7th Cir. 2005), following Robinson Eng. Co. Pension Plan v. George, 223 F.3d 445 (7th Cir. 2000). *See also* Swaim, 73 F.3d at 719; Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.1991).

Moreover, there can be no presumption of receipt, either, where proper procedures were not followed. See Godfrey v. United States, 997 F.2d 335, 338 (7th Cir. 1993), articulating certain principles of fundamental fairness and due process ("A presumption exists that a mailing is received where there is proof of procedures followed in the regular course of operations which give rise to a strong inference that the (correspondence) was properly addressed and mailed"). Id. At 338.

In this case, Hearing Officer Hermann did not even follow what she considered to be her own proper procedures as described in her signed Certificate of Service attached to her ruling. Hearing Officer Hermann failed to properly address her decision to Plaintiffs'

7

stated mailing address of record and, as a direct result, Plaintiffs were deprived of no fewer than five days for filing a civil action under the Illinois statute of limitations. Moreover, Ms. Herman did not follow the procedures set forth in the Illinois School Code statute, which require a correct mailing to a party at the party's proper address before the limitations period can commence. As a result of her address failure, Ms. Hermann's certified mailing never reached Plaintiffs at all.

Therefore, Defendants cannot take advantage of any presumption of notice or receipt in connection with Ms. Hermann's certified mailing on November 13, 2007.

**IV.    The mailing failures in this case created anywhere from a five-day deficiency in notice to Plaintiffs or no notice at all, thus unfairly prejudicing Plaintiffs' ability to effect a timely filing of their Appeal.**

Section 5/14-8.02a(i) of the Illinois School Code provides for a limitations period of 120 days for filing appeals. That means all parties to an administrative final decision under Section 1415 of the IDEA are entitled to exercise a full 120 days in which to appeal the decision. Counting from November 13, 2007, Plaintiffs did not have the full measure of the 120 days provided under the IDEA and the Illinois School Code because Hearing Officer Hermann failed to follow proper mailing procedures in the ordinary course of operation, and because her certified mailing never reached Plaintiffs and was "returned to sender." The result was an undue delay in delivery of the final decision and mailing notice to Plaintiffs, which are required in order to trigger the Illinois School Code statute of limitations.

This result (failed mailing) is exactly what Plaintiff Meg Reynolds sought to avoid in giving ISBE's Due Process Coordinator her Chicago office mailing address as Plaintiffs' stated mailing address of record. The undue delay caused a delay of at least five days fewer than the full measure of 120 days allowed by 5/14-8.02a(i) for a party to file their civil action to appeal.

Therefore, the Court should deny Defendants' Motion to Dismiss on the grounds that a five-day deficiency in Plaintiffs' time to file their action constitutes an unfair prejudice against Plaintiffs' ability to file in a timely manner.

V.     **Based on the circumstances described, this Court should apply equitable tolling principles or other equitable modifications to allow Plaintiffs' appeal to go forward.**

The Seventh Circuit has determined that "[f]ederal courts have been authorized to resolve disputes under the IDEA, so procedural hurdles — whether these concern timely filing or verification — are not 'jurisdictional.'" Farzana v. Indiana Department of Education, 473 F.3d 307 (7th Cir. 2007). The Illinois School Code at Section 5/14-8.02a(i) is a procedural and not jurisdictional hurdle, and so is subject to equitable modifications such as waiver, estoppel, and equitable tolling.

In Reed v. Mokena School District, 41 F.3d 1153 (7th Cir. 1994), the Seventh Circuit, citing Dell v. Board of Education, 32 F.3d 1053 (7th Cir. 1994), noted that there is authority for invoking the equitable extension of a statute of limitations in an IDEA case under limited circumstances. Id. at 1155, n.1.

The facts of the case at hand fall squarely within the principles of equitable tolling as set out by the Seventh Circuit Court of Appeals in similar instances. In the Seventh Circuit, the test for equitable tolling is not the length of the delay in filing the complaint or other pleading. Rather, it is whether the claimant could reasonably have been expected to have filed earlier. Williams v. Sims, 390 F.3d 958, 960 (7th Cir. 2004); Shropshear v. Corporation Counsel, 275 F.3d 593, 595 (7th Cir. 2001). In addition, the Seventh Circuit has said that the applicability of the doctrine of equitable tolling is fact-specific. See Dell v. Board of Education TP. High School District 113, 32 F.3d 1053, 1061 (7th Cir. 1994). The appellants in Dell gave the Court no reason for their delay in filing, and the Court, therefore, did not apply the doctrine in their case to extend the statute of limitations and allow their appeal.

However, the case at hand is different from Dell. In this case, Plaintiffs have provided this Court with facts evidencing that they did have good reasons for the delay in filing their action by one day – that is, a failed mailing notice, non-delivery and the surrounding confusion. In fact, U.S. Postal Service records show that the ISBE hearing officer's Decision and Order were not, in fact "mailed" to Plaintiffs' requested address and as a result were "returned to sender" undelivered on December 5, 2007 – thereby denying Plaintiffs crucial information that the statute of limitations was running. Despite

9

diligent conduct in preparing and filing their Complaint with this Court on March 13, 2007, Plaintiffs have shown that, for reasons beyond their control, they did not have the full measure of the 120 days provided under the IDEA and the Illinois School Code for filing their appeal.

Plaintiffs suggest that this Court should apply the doctrine of equitable modification or tolling in this particular matter and extend the time for filing by one day, allowing Plaintiffs' Appeal to go forward. Therefore, the Court should DENY Defendants' motion to dismiss by applying the doctrine of equitable tolling.

**VI.　Taking Plaintiffs' assertions to be reasonably true, as required for a 12(b)(6) motion to dismiss, this Court should find that Plaintiffs' appeal was timely.**

When faced with a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). *See also* Zinermon v. Burch, 494 U.S. 113 (1990); Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992).

A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of Chicago, 3 F.3d 1156 (7th Cir. 1993), quoting *Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)*.

In Gissendanner v. The Gerber Group, 2003 U.S. Dist. LEXIS 11011 (N.D. Ill. 2003), the court ruled that an employee's employment discrimination complaint was sufficient to survive a motion to dismiss on statute of limitations grounds where the employee asserted that the U.S. Postal Service failed to deliver a certified mail letter containing a right-to-sue notice from the EEOC. The court also held that the defendants' contention that the plaintiff was at fault for not receiving the letter could not be resolved upon a motion to dismiss because the plaintiff was not required to anticipate and overcome affirmative defenses in his complaint. *Id.*

In this case, Plaintiffs have presented U.S. postal and other documents to show that the hearing officer's ruling in the underlying administrative action was never properly "mailed" to Plaintiff Meg Reynolds. The ruling was not sent to her designated address in Chicago but instead was mailed to her Oak Park home – where, due to

10

problems with certified mail, she had expressly asked the Due Process Coordinator *not* to send any mail. As a result, the ruling was never delivered but instead postal records show that it was "returned to sender" undelivered 3 weeks later. Based on these facts, under the standards described in *Gissendanner*, Plaintiffs have presented sufficient facts to defeat Defendants' Motion to Dismiss in this case.

**VII. There is sufficient good cause and evidence of "excusable neglect" here for this Court to extend the time for Plaintiffs' Appeal under F.R.A.P. Rule 4(a)(5).**

Fed. R. App. P. 4(a)(5) allows a court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal. The extension is available within the 30 days after the appeals period expires if:

> "... regardless of whether its motion is filed before or during the [appeal period], that party shows excusable neglect or good cause." *Fed. R. App. P. 4(a)(5)(A)(ii)*.

The Seventh Circuit has held that "excusable neglect" under Rule 4(a)(5) will generally be found under appropriate circumstances, such as in situations involving "uncontrollable delays in the delivery of mail," or other "unpredictable events that affect the delivery of the notice of appeal to the clerk." *Redfield v. Continental Casualty Corp.*, 818 F.2d 596 (7th Cir. 1987). The standard is more flexible than under Rule 6(b) because no showing of "good cause" is required if "excusable neglect" exists. *Id.* The Seventh Circuit has determined that "excusable neglect" is the appropriate standard in cases in which the appeal is made after the time for filing has run, while "good cause" is the appropriate standard in cases in which the appellant seeks an extension of time before the expiration of the appeal period. *Id.*

Rule 4(a)(5) has been applied to extend to extend the time for filing an appeal of an administrative ruling under the Individuals with Disabilities in Education Act ("IDEA"). In *Zipperer v. Sch. Bd of Seminole County, Florida*, 111

11

F.3d 847 (11th Cir. 1997), the court held that "excusable neglect" existed under Rule 4(a)(5) where the family of a disabled child mailed its appeal to the court clerk and it arrived one day after the appeals deadline. The appeals court allowed the family's appeal to go forward, reasoning that the circumstances satisfied the requirements for "excusable neglect" under the factors articulated in *Pioneer* (the danger of prejudice to the nonmoving party, the length of the delay, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith). *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

In this case, there is no prejudice to the Defendants. The delay involved is just one day. Plaintiff clearly acted in good faith in bringing her Complaint to address the School District's and state board of education's denial of her minor child's rights; and the delay created by the ineffective mailing was not within her reasonable control.

**VIII.   Similarly, there is sufficient good cause and evidence of "excusable neglect" here for this Court to enlarge and extend the time for Plaintiffs' Appeal under F.R.Civ.P. Rule 6(b).**

F.R.Civ.P. Rule 6(b) gives a court discretion in most situations to forgive missed deadlines occurring by reason of "excusable neglect." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Rule 6(b) states, in pertinent part:

> "(1)   In General. When an act may or must be done within a specified time, the Court may, for good cause, extend the time:
>
> (A) ...
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

The Seventh Circuit has found that the word "neglect" in this context encompasses "both simple, faultless omissions to act and, more commonly,

omissions caused by carelessness." *Robb v. Norfolk & W. R.R. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

In this case, the facts underlying Plaintiffs' omission to act within 120 days after the Nov. 13, 2007 date support both (i) a failure due to faultless neglect and, in the alternative, (ii) an omission caused by inaccuracy. Through no fault of Plaintiffs, the ruling in the due process case underlying this action was never "mailed" to Plaintiff Meg Reynolds at her designated address and in fact was sent via certified mail to an address she had expressly asked the Due Process Coordinator not to use. In the confusion that ensued, Plaintiff was uncertain when to begin calculating the limitations period.

The Seventh Circuit also has held that the U.S. Supreme Court's standard in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), applies whenever "excusable neglect" appears in the federal procedural rules. See *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). According to *Pioneer*, the standard for excusable neglect:

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to [*8] the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

In this case, there is no prejudice to the Defendants. The delay involved is just one day. Plaintiff clearly acted in good faith in bringing her Complaint to address the School District's and state board of education's denial of her minor child's rights; and the delay created by the ineffective mailing was not within her reasonable control.

Based on the facts presented and the law cited, Plaintiffs request that this Court exercise discretion to deny Defendants' Motion to Dismiss on the basis of F.R.A.P. 4(a)(5) or F.R.Civ.P. Rule 6(b).

## CONCLUSION

The plain language of the Illinois School Code 105 ILCS 5/14-8.02a(i) cannot mean anything other than a hearing officer must mail her final decision to each party at that party's stated address of record in order for service to be perfected. Otherwise, erroneous mailings can, as in this case, foreclose a party's right to seek an appeal through the courts as provided by the IDEA. To allow Defendants in this matter to block Plaintiffs' access to the courts by means of a statute of limitations that requires a mailing while at the same time denying all aspects of procedural due process in her underlying administrative case that were guaranteed under Section 1415 of the IDEA surely would be inconsistent with the policies of this federal statute.

Therefore, Defendants' Motion to Dismiss under F.R.Civ.P. Rule 12(b)(6) should be denied.

Dated this 10th Day of April, 2008.

                           Respectfully Submitted,

                           */s/ Meg Reynolds*

                           Meg Reynolds, pro se and for Plaintiff Tom Reynolds-Ejzak

                           *Meg Reynolds*

                           Print Name

 

                           1166 South Clinton Avenue
                           Oak Park, IL 60304
                           Telephone: 312-297-6935
                           Fax: 312-297-
                           E-Mail Address:
                           megreynolds@sbcglobal.net

                           For certified mail:
                           c/o BCBSA
                           225 N. Michigan Ave.
                           Chicago, IL 60601