**08 C 1507**

STATE OF ILLINOIS)  
COUNTY OF COOK)

<u>EXHIBIT A</u> to RESPONSE

FILED  
J.N  
APR 1 0 2008  
Apr 10 2008  
MICHAEL W. DOBBINS  
CLERK, U.S. DISTRICT COURT

### AFFIDAVIT OF MEG REYNOLDS

Meg Reynolds, being first duly sworn, deposes and states as follows:

1. That I am the mother of minor Tom Reynolds-Ejzak, a child with disabilities; a *pro se* Plaintiff in Case No. 08 CV 1507 brought in the U.S. District Court for the Northern District of Illinois; and the complainant in the underlying administrative matter titled <u>Tom Reynolds-Ejzak v. Oak Park-River Forest School District 200</u>, Case No. 2008-80100, Illinois State Board of Education.

2. That on September 21, 2007, I submitted a Parental Request for Impartial Due Process Hearing to Oak Park-River Forest High School District 200 on certain complaints.

3. That on October 3, 2007, after hearing nothing for nearly 2 weeks about my hearing request, I phoned the Illinois State Board of Education's Due Process Coordinator ("ISBE") and learned that I had missed a certified mail letter notifying me of the hearing officer's appointment.

4. That because of a history of problems with certified mail delivery in my hometown, I asked the ISBE Due Process Coordinator, and the Due Process Coordinator agreed, to send all future correspondence to me at my work address at 225 N. Michigan Ave., Chicago 60601.

5.  That I sent a follow-up e-mail confirming this. See E-mail Letter from Meg Reynolds to Andrew Eulass dated Oct. 3, 2007, attached to this Affidavit as Item 1.

6.  That I know that Hearing Officer Sheana Hermann was aware of this change of address because I later found a letter from her addressed to me at my Chicago work address on the ISBE website. See Letter addressed to Meg Reynolds found on ISBE website in late October 2007, attached to this Affidavit as Item 2.

7.  That notwithstanding my request to have all correspondence concerning this due process matter sent to me at my office address in Chicago, U.S. Post Office records show that Hearing Officer Hermann erroneously sent her ruling on my due process complaints via certified mail to my home address in Oak Park rather than my designated address in Chicago.

8.  That apparently due to the problems with certified mail that I had reported to the ISBE Due Process Coordinator in requesting a change of address in early October 2007, the hearing officer's certified mailing to me at the wrong address was never delivered.

9.  That Item 3 attached to this Affidavit is a true and correct copy of the tracking statement for that certified mailing that the U.S. Postal Service provided to me on March 24, 2008.

10. That such tracking statement shows that the certified mailing forming the basis of Defendant School District's Motion to Dismiss was actually "returned to sender" on December 5, 2007 and never reached me – and thus I did not know the date of mailing until later.

11. That Item 4 attached to this Affidavit is a true and correct copy of the certified mail notice I received at my home in Oak Park on November 19, 2007 alerting me

> to certified mail from ISBE Hearing Officer Sheana Hermann. I do not remember receiving any other certified mail notice at my home in November or December 2007 from Hearing Officer Sheana Hermann.

12. That although I signed the back of the certified mail notice received November 19, 2007 and placed it outside for the postman as directed, the certified mail letter was not delivered.

13. That the tracking statement, the certified mail notice and the E-mail letter to the Due Process Coordinator together (Items 3, 4 and 1, respectively) show that the certified mailing was not in fact mailed to me at my "stated address" as sworn by Sheana Hermann in her Certificate of Service. In fact, it was sent via certified mail to the wrong address rather than my designated address at 225 N. Michigan Ave., Chicago 60601 – and thus was returned to sender not delivered.

14. That because the ruling was never mailed to me, I unwittingly attended a scheduled mediation with School District on November 15, 2007 <u>two days after</u> the date that appears on the hearing officer's ruling. See Mediation Records attached as Item 5 to this Affidavit.

15. That to the best of my recollection, I did not obtain and read a copy of the hearing officer's ruling until some time after November 19, 2007.

16. That this mailing failure was but one of many examples of serious administrative and procedural negligence occurring in this case.

17. That in early October 2007, I requested a substitution of hearing officer on grounds that the first hearing officer appointed by ISBE, James Wolters, previously had an extended 15-year client relationship with the School District's attorney.

18. That I did not receive a mailing in response to my substitution request and so was in the dark until mid-October 2007, when I found a copy of a letter to me on the ISBE website dated October 9, 2007 announcing that Sheana Hermann, Wolter's daughter, was appointed to replace Mr. Wolters as hearing officer. This letter was not mailed to me. The letter stated that Ms. Hermann would contact me "within 5 days of receipt of this letter to arrange the dates, times and locations of the hearing and the pre-hearing conference." *See* ISBE Letter of Andrew C. Eulass, appended to this Affidavit as Item 6.

19. That there was no such contact from Hearing Officer Hermann to arrange pre-hearing and hearing dates, but only a letter from Ms. Hermann posted on the ISBE website that indicated she was striking the pre-hearing conference scheduled for October 25, 2007 and would rule on Defendant District's motions to dismiss and for summary judgment by November 5, 2007.

20. That this letter, which I did not receive in the mail but only found on ISBE's website in late October 2007, granted me until October 29, 2007 to respond to Defendants' motions. See Letter addressed to Meg Reynolds found on ISBE website in late October 2007, attached to this Affidavit as Item 2.

21. That due to the School District's refusal to provide requested records and delays in obtaining records from another source, I asked for and Hearing Officer Hermann granted a two-day extension of time to file my response, and I mailed the response on October 30, 2007.

22. That there was never a hearing or pre-hearing conference scheduled by Hearing Officer Hermann in my case, nor any required change of documents, evidence and witness lists, nor any mandatory resolution meeting or mediation conference before she issued her ruling.

23. That on November 2, 2007, I wrote to Andrew Eulass, ISBE Due Process Coordinator, to express my concern about the failure to hold a mandatory resolution session or a mediation in my case or even to schedule a pre-hearing conference or hearing, though I had submitted my request for a due process hearing six weeks earlier. *See* E-mail Letter to Andrew Eulass, ISBE Due Process Coordinator, attached to this Affidavit as Item 7.

24. That due to the failed mailing and other administrative and procedural failures, lack of communication and confusion surrounding ISBE's and Hearing Officer Hermann's failure to set a hearing schedule, offer a hearing or afford any meaningful opportunity to present evidence, or to provide any of the procedural due process rights guaranteed by the IDEA, I was uncertain of the exact date from which the statute of limitations should run for my Appeal.

FURTHER YOUR AFFIANT SAYETH NOT.

Dated this 10th day of April, 2008

_____
Meg Reynolds, pro se and for Plaintiff Tom

1166 South Clinton Avenue
Oak Park, IL 60304
Telephone: 312-297-6935
Fax: 312-297-5956
E-Mail Address:
megreynolds@sbcglobal.net

For certified mailings:

c/o BCBSA
225 N. Michigan Ave.
Chicago, IL 60601

On this __10__ of April, 2008, Meg Reynolds personally appeared before me and she subscribed and swore to the statements made.

_____
Notary Public
My Commission expires: __9/24/09__

```
OFFICIAL SEAL
DIANA L BIRCH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/24/09
```

AT&T Yahoo! Mail - megreynolds@sbcglobal.net    Page 1 of 2

Case 1:08-cv-01507   Document 23-2    Filed 04/10/2008    Page 7 of 17

Date:     Wed, 3 Oct 2007 14:05:23 -0700 (PDT)
From:    "Meg Reynolds" <megreynolds@sbcglobal.net>
Subject: Deadlines? Pls advise
To:       aeulass@isbe.net, MALONG@isbe.net

(Item 1)

Dear Mr. Eulass:

I'm writing to confirm that I did not receive the certified mail letter and documents you sent to me until this afternoon, October 3, 2007. They were dated September 27, 2007.

I was able to access them online at about 2:30 or 3 p.m. today after Mary Long in your office was kind enough to give me a password to these documents on the ISBE website.
I had not yet received the certified mail letter because I was at work when it was supposed to be delivered. I received a certified mail receipt, but I work downtown during the days and cannot get home before 5 p.m. (when the local post office closes) to pick up a certified mail letter. In Oak Park, it takes a long time to get the post office to re-deliver a certified mail letter. So in the future, I would appreciate your sending correspondence to me at my work address, which I gave to Ms. Long.

I also want to confirm that I left a voicemail for Mr. Jim Wolter, the assigned due process hearing officer, at the phone number that Ms. Long gave to me asking him to recuse himself. I requested this because of his 15-year prior client relationship with John Relias, the school district's attorney in my case. Information on this relationship appears on the ISBE website.

I have not yet heard back from Mr. Wolter but am concerned about deadlines here (for requesting a change of hearing officer, resolution session, mediation, etc.) since I just received your letter and attachments today.

If there is a deadline approaching that I don't know about, would you please contact me ASAP? I can be reached at 312-297-6935 during the day. You can leave a message.

Thanks very much.

Sincerely,

Meg Reynolds

Sheana C. Hermann
Due Process Hearing Officer
736 North Western Avenue
PMB 148
Lake Forest, Illinois 60045
(773) 490 – 7392

**Via Next Day Mail Proper Postage Paid**

RECEIVED
OCT 22 2007
SPECIAL EDUCATION SERVICES

October 18, 2007

Ms. Meg Reynolds
225 North Michigan Avenue
Chicago, Illinois 60601

Mr. John A. Relias
Franczek Sullivan P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606

(Item 2)

RE: Tom Reynolds-Ejzak vs. River Forest SD 200, Case Number 2008 - 0100

Dear Ms. Reynolds and Mr. Relias:

As you both are aware, I have been assigned this case. It is my understanding that the District has filed a motion to dismiss and for summary judgment. I will grant Ms. Reynolds until October 29, 2007 to file her response. I will render my ruling on the District's motion on or before November 5, 2007. I am striking the previously scheduled pre-hearing conference of October 25, 2007.

It is also my understanding that the parties are engaging in State sponsored mediation.

In the meantime, please do not hesitate to contact me with any questions; however, I am prohibited from engaging in ex parte communication.

Sincerely,

Sheana Hermann
Impartial Due Process Hearing Officer
Cc. Mr. Andrew Eulass, Due Process Coordinator, Illinois State Board of Education

**UNITED STATES POSTAL SERVICE**

(Item 3)

## Track/Confirm - Intranet Item Inquiry - Domestic

| | | | |
|---|---|---|---|
| **Item: 7006 0810 0002 7108 0369** | | **Service Calculation Acceptance Date/Time: 11/13/2007 14:04** | |
| **Destination** ZIP Code: 60304 | | City: OAK PARK | State: IL |
| **Origin** ZIP Code: 60045-9998 | | City: LAKE FOREST | State: IL |

**Class:** First Class
**Anticipated Delivery Date:** 11/14/2007
**Weight:** 0 lb(s) 2 oz(s)     **Postage:** $0.58
**Record Restored on 03/24/2008**
**Delv Rqmt:** Normal     **PO Box?:** N

| Special Services | Associated Labels | Amount |
|---|---|---|
| CERTIFIED MAIL | 7006 0810 0002 7108 0369 | $2.65 |
| RETURN RECEIPT | | $2.15 |

| Event | Date/Time | Location | Scanner ID |
|---|---|---|---|
| DELIVERED | 12/05/2007 11:11 | LAKE FOREST, IL 60045 | 030SHNC698 |
| | Request Delivery Record | | |
| | View Delivery Signature and Address | | |
| UNCLAIMED | 11/30/2007 15:28 | OAK PARK, IL 60304 | 030SHMF715 |
| NOTICE LEFT | 11/14/2007 12:58 | OAK PARK, IL 60304 | 030SHMF881 |
| ACCEPT OR PICKUP | 11/13/2007 14:04 | LAKE FOREST, IL 60045 | |

Enter Request Type and Item Number:

Quick Search ⦿     Extensive Search ○

[Explanation of Quick and Extensive Searches]

Submit

Version 1.0

Inquire on multiple items.

Go to the Product Tracking System Home Page.



# Track/Confirm - Intranet Item Inquiry
# Item Number: 7006 0810 0002 7108 0369

**This item was delivered on 12/05/2007 at 11:11**

| Signature: | [signature] RETURNED UNOPENED |
| --- | --- |
| Address: | B- WESTON |

Enter Request Type and Item Number:

Quick Search ⦿     Extensive Search ○

Explanation of Quick and Extensive Searches

Submit

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.

(Item 4)

United States Postal Service
Sorry We Missed You! We ℗ Deliver for You

Today's Date: 11-19
Sender's Name: S Hemann

Item is at: ✓ Post Office (See back)

Available for Pick-up After
Date: 　　Time:

☐ If checked, you or your agent must be present at time of delivery to sign for item

Article Number(s): 7006 0810 0002 7108 0369

For Delivery: (Enter total number of items delivered by service type)
— Letter
— Large envelope, magazine, catalog, etc.
— Parcel
— Restricted Delivery
— Perishable Item
— Other:

For Notice Left: (Check applicable item)
— Express Mail
✓ Certified
— Recorded Delivery
— Firm Bill
— Registered
— Insured
— Return Receipt for Merchandise
— Delivery Confirmation
— Signature Confirmation

Customer Name and Address:
M Reynolds
1166 S Clinton Ave

Article Requiring Payment
☐ Postage Due ☐ COD ☐ Customs
Amount Due: $ /

☑ Final Notice: Article will be returned to sender on 11/07

Delivered By and Date

PS Form 3849, November 1999　　Delivery Notice/Reminder/Receipt


708-660-6903

Meg Reynolds



# Illinois State Board of Education

100 North First Street • Springfield, Illinois 62777-0001
www.isbe.net

Rod Blagojevich
Governor

Jesse H. Ruiz
Chairman

Christopher A. Koch, Ed.D.
State Superintendent of Education

## Mediation Result

### Special Education Mediation

**Student:** Tom Reynolds-Ejzak    **District:** OAK PARK - RIVER FOREST SD 200

**Case #:** 2008-0100   **Mediation Date:** 11/15/2007   **Time:** 8:30 AM

**Location:** Oak Park River Forest SD 300 201 N. Scoville Ave Oak Park

**Facilitated by Mediator:** Christine Pistone

__ Mediation was held, but no agreement was reached.
__ Mediation was held and the following agreement was reached:

### Mediation Agreement

We, the undersigned, having participated in a voluntary mediation session regarding the above named student, and being satisfied that the provisions of the resolution of our dispute are fair and reasonable, hereby agree to abide by and fulfill the following:

*Unable to be mediated*

We understand that this written agreement is enforceable in any state court of competent jurisdiction or in a district court of the United States. [20 USC Sec 1415(e)(2)(F)]

We pledge that all discussions that occurred during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding, unless said civil proceeding is for the purpose of enforcing this agreement.

_____          _____
Parent/Guardian Signature               District Representative Signature

_____          _____ 11/15/07
Title                    Date          Title                    Date



# Illinois State Board of Education

100 North First Street • Springfield, Illinois 62777-0001
www.isbe.net

Rod Blagojevich
Governor

Jesse H. Ruiz
Chairman

Christopher A. Koch, Ed.D.
State Superintendent of Education

# Waiver

## Special Education Mediation

**Student:** Tom Reynolds-Ejzak  **District:** OAK PARK - RIVER FOREST SD 200

**Case #:** 2008-0100  **Mediation Date:** 11/15/2007  **Time:** 8:30 AM

**Location:** Oak Park River Forest SD 300 201 N. Scoville Ave  Oak Park

**Facilitated by Mediator:** Christine Pistone

Since the mediator is not a party to this action, has no independent knowledge, or expertise as to this case, and in order to preserve the integrity of, and confidence in, the mediation process the parties below waive any and all right(s) that they may have to compel the mediator to: (a) appear at any subsequent *administrative or civil proceeding* on the issues that are a subject matter of the mediation; and (b) discussions that occur during mediation shall be confidential and may not be used as evidence in any subsequent due process hearings or civil proceedings

*We agree that we will not compel the mediator to appear at any subsequent administrative or civil proceeding arising from this dispute.*

_____
Parent(s)/Guardian Signature

_____
District Representative Signature

11-15-07
Date

Director of Special Education  11-15-07
Title                           Date



# Illinois State Board of Education

100 North First Street · Springfield, Illinois 62777-0001
www.isbe.net

Rod Blagojevich
Governor

Jesse H. Ruiz
Chairman

Christopher A. Koch, Ed.D.
State Superintendent of Education

## Mediation Record

### Special Education Mediation

**Student:** Tom Reynolds-Ejzak  **District:** OAK PARK - RIVER FOREST SD 200

**Case #:** 2008-0100 **Mediation Date:** 11/15/2007 **Time:** 8:30 AM

**Location:** Oak Park River Forest SD 300 201 N. Scoville Ave Oak Park

**Facilitated by Mediator:** Christine Pistone

**Participants:** Prior to the beginning of mediation, each individual is required to verify their attendance by signature and title (or relationship to the student). *Each party is reminded that that all discussions that occur during the mediation process must remain confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding.*

_[signature]_
Name/Title

_Meg Reynolds / parent_
Name/Title

_Linda Cada Director_
Name/Title

_Philip Prale / Asst. Supt. C+I_
Name/Title

_[signature] Superintendent_
Name/Title

Name/Title

Name/Title

Name/Title

Name/Title

Name/Title

# Illinois State Board of Education

100 North First Street • Springfield, Illinois 62777-0001
www.isbe.net

Rod Blagojevich
Governor

Jesse H. Ruiz
Chairman

Christopher A. Koch, Ed.D.
State Superintendent of Education

October 9, 2007

*(Item 6)*

Ms. Meg Reynolds
225 North Michigan
BCBSA
Chicago, IL 60601

RE: Tom Reynolds-Ejzak vs. OAK PARK - RIVER FOREST SD 200
    Case Number 2008-0100

Dear Ms. Meg Reynolds:

The impartial due process hearing officer previously appointed to this case has been substituted. Therefore, **Sheana Hermann** has been appointed as the new hearing officer in the above cited matter. Sheana Hermann will contact you within 5 days of receipt of this letter to arrange the dates, times and locations of the hearing and the pre-hearing conference.

This letter is being sent simultaneously to both the school district and the parents/guardian. A copy of this letter will be retained by the Program Compliance Division for future reference. If you have any procedural questions, please contact me at 217/782-5589. The State Board of Education staff will not respond to substantive questions regarding this case.

Sincerely,

Andrew C Eulass
Due Process Coordinator
Illinois State Board of Education

Page 1 of 2
AT&T Yahoo! Mail - mreyn01607    Case 1:08-cv-01607    Document 23-2    Filed 04/10/2008    Page 17 of 17

Print - Close Window

**YAHOO! MAIL**
Classic

**Date:** Fri, 2 Nov 2007 13:36:41 -0700 (PDT)
**From:** "Meg Reynolds" <megreynolds@sbcglobal.net>
**To:** aeulass@isbe.net

Dear Mr. Eulass:

I'm writing to you about a procedural matter. I am concerned that ISBE's mediation procedures do not follow the requirements of the federal IDEA regulations. Section 226.560 of the Illinois special education administrative regulations provides that the procedures for mediation in Illinois due process cases "shall conform to the requirements of 34 CFR 300.506."

Under 34 CFR 300.506 of the federal IDEA 2004 regulations, a state's mediation procedures must ensure that the mediation process is not used to deny or delay a parent's right to a hearing on the parent's due process complaint, or to deny any other rights afforded under Part B of the IDEA.

Yet this is what appears to be happening. I filed my due process complaint on Sept. 21. That was 6 weeks ago. There has been no resolution session nor a mediation session yet. There is no new hearing scheduled. There is no pre-hearing conference scheduled. I never signed a waiver of the resolution session and a resolution session was never scheduled or held by the district. The district never provided any procedures to me as required under 226.610. ISBE has done nothing to enforce these procedural obligations imposed by state law and regulations.

I asked the district back in September if it would be willing to mediate this matter, and it agreed. Today, I took the day off work to attend to attend a mediation session. But this morning, I learned that for the second time, ISBE has allowed the school district to cancel the mediation. (The first mediation, scheduled for Oct. 22, was also canceled.) The mediator told me that she was told by the district that it "might be available" for a Nov. 15 meeting, but she was unsure. No one at ISBE seems to have any idea of any legal timelines for this process. The mediator said she thought that the due process hearing would just be rescheduled.

Previously, I asked you for information on the state's deadlines for these procedures. What you sent to me didn't make any sense. There are no deadlines specified in your publication that apply to my situation.

My son's due process pre-hearing conference, originally scheduled for the end of October, was canceled, but no substitute dates have been provided. When is the hearing supposed to be held? When will there be a mediation session? Will ISBE give me enough notice to prepare properly? Will it even notify me if a pre-hearing conference or hearing is scheduled? These delays are causing injury to my son.

Previously, I also asked you for information on the "parent mentors" and "state technical assistance center for parents" who file due process without a lawyer, both mentioned on the ISBE website. You have not responded yet.

ISBE has a legal obligation to conduct a fair process that conforms to the requirements of federal law. So far, your due process hearing procedures and practices appear to be falling short.

Yours very truly,
Meg Reynolds