IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meg Reynolds, individually and on behalf, of her minor child Tom Reynolds-Ejzak, <br><br> Plaintiff, <br> v. <br><br> Oak Park-River Forest School District 200, Local School District, Board of Education of Oak Park-River Forest School District No. 200 and The Illinois State Board of Education, <br><br> Defendants. | Case No. 08-C-1507 <br><br> Judge John W. Darrah |

REPLY MEMORANDUM OF DEFENDANTS'
OAK PARK & RIVER FOREST SCHOOL DISTRICT 200 AND BOARD OF
EDUCATION OF OAK PARK & RIVER FOREST HIGH SCHOOL DISTRICT 200

INTRODUCTION

On March 13, 2008, Plaintiff filed her Complaint appealing a decision by an independent hearing officer appointed by Defendant Illinois State Board of Education ("ISBE"), pursuant to the Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1401, et. seq., ("IDEA"). On March 18, 2008, Plaintiff filed an Amended Complaint.

The underlying administrative decision was issued on November 13, 2007, and mailed on that same date to the parties (see, Motion to Dismiss, Certificate of Service from Hearing Officer's order, Exhibit 1 to Affidavit of John A. Relias).

On March 21, 2008, Defendants Oak Park & River Forest School District 200 and Board of Education of Oak Park & River Forest High School District 200 (collectively "School District") filed their motion to dismiss stating that Plaintiffs' initial Complaint was filed 121 days

1

after notice of the decision was mailed to the parties or one day beyond the time specified for a timely appeal.

In her response Plaintiff Meg Reynold's does not dispute that the decision was mailed on November 13, 2007. It is her contention that she informed ISBE to mail all correspondence to her work address. The decision was mailed to her home address and Plaintiff states that she was aware by November 19, 2007 that a certified mailing was unsuccessfully delivered to her home, and she obtained and read a copy of the hearing officer's ruling "some time after November 19, 2007 (¶¶ 11 and 15 of Affidavit of Meg Reynolds, Exhibit A to Plaintiff's Response).

## ARGUMENT

Plaintiff makes the following arguments in opposition to the School District's motion to dismiss: 1) the administrative order was not properly mailed and/or equitable tolling principals should apply; and 2) Federal Rule of Appellate Procedure 4(a)(5) or Federal Rule of Civil Procedure 6(b) should be utilized by this Court to extend the time for filing the Complaint. Plaintiff's arguments are fallacious.

### A. Proper Mailing Was Accomplished by the Hearing Officer

Plaintiff first argues that proper mailing was not accomplished by Hearing Officer. Plaintiff's argument is both factually and legally incorrect. The order was not mailed to an incorrect address – it was mailed to Plaintiff's home address. Thus, Plaintiff affirms:

> That notwithstanding my request to have all correspondence concerning this due process matter sent to me at my office address in Chicago, U.S. Post Office records show that Hearing Officer Hermann erroneously sent her ruling on my due process complaints [sic]via certified mail to my home address in Oak Park rather than my designated address in this case. (¶ 7 of Reynolds Affidavit).

Plaintiff further admits in her affidavit that she received notice of a certified mailing on November 19, 2007, "alerting me to certified mail from ISBE Hearing Officer Sheana Hermann." (Id at ¶ 11).

Finally, Plaintiff admits that she:

> [D]id obtain and read a copy of the hearing officer's ruling . . . some time after November 19, 2007. (Id. at ¶ 15).

Thus, this is not a situation where the ruling was sent to an incorrect address. It may have been sent to an address that Plaintiff thought was inconvenient – but it is ridiculous to argue that one's home address is even an inconvenient address, especially when Plaintiff had actual notice by November 19, 2007, that Hearing Officer Hermann had sent her a certified mailing.[1]

Significantly, since Plaintiff also admits that she obtained and read a copy of the hearing officer's ruling "some time after November 19, 2007", notice was proper.

Finally, the fact that Plaintiff had less than 120 days to file a complaint is irrelevant, since an IDEA ruling is considered served when it is deposited in the United States mail. <u>Dell v. Township High School District 113</u>, 32 F.3d 1053 (7th Cir. 1954); <u>Smith v. District of Columbia</u>, 2007 602 21729 (D.D.C. 2007) <u>cf.</u>, <u>Nudell v. Forest Preserve District of Cook County</u>, 333 Ill. App. 3d 518, 522 (1st Dist. 2020) (service under the Illinois Administrative Review Act is made when a ruling is deposited in the mail).[2]

---

[1] Plaintiff was also aware that an administrative ruling on the School District's motion to dismiss and for summary judgment was scheduled for issuance because Plaintiff received such notice from Hermann by letter dated October 18, 2007 (Id. at ¶6 and Item 2).

[2] In another section of her memorandum (Section VI, pp. 10-11), Plaintiff makes a corollary argument citing <u>Gissendanner v. The Gerber Group</u>, 2003 WL 21504140 (N.D. Ill. 2003), wherein she argues that this Court must assume the truth of all facts alleged in the complaint. While that statement is true, it does not require denial of Defendants' motion to dismiss and <u>Gissendanner</u> does not support Plaintiff's position. <u>Gissendanner</u> involved a Title VII claim. Such claim must be filed within 90 days of actual notice of his/her right to sue, unless the plaintiff is at fault for not receiving timely notice. In <u>Gissendanner</u> there was a contested question of plaintiff's fault that involved a factual inquiry subject to a motion for summary judgment. However, under IDEA the limitations period begins upon mailing – not receipt. Thus Defendants' motion is proper.

3

### B.     Equitable Tolling Principles Provide Plaintiff No Relief

Since the limitations period in this litigation is borrowed from state law for use in a federal lawsuit based on a federal law, the threshold issue is whether Illinois or federal decisional authority governs.  In <u>Shropshear v. Corporation Counsel of the City of Chicago</u>, 275 F.3d 593, 596 (7th Cir. 2001), the Seventh Circuit held that the state, rather than the federal doctrine of equitable tolling governs such cases of borrowing.

#### 1.     Under Illinois Law The Equitable Tolling Doctrine Is Not Applicable

In <u>Van Milligen v. Department of Employment Security</u>, 373 Ill. App. 3d 532 (2nd Dist. 2007), an Illinois Appellate Court held that equitable tolling principles do not apply when the limitations period is an inherent part of the right of action created.

In <u>Van Milligen</u> the plaintiff appealed a decision of the Board of Review of the Illinois Department of Employment Security.  The complaint was dismissed because Van Milligen failed to name the Board as a defendant as required by the Illinois Administrative Review Law, 735 ILCS 5/3-101 <u>et.</u> <u>seq.</u>

On appeal, Van Milligen, contended that he should have been entitled to add the Board as a defendant under equitable tolling principals.  The Appellate Court rejected that argument:

> The concept of equitable tolling usually applies to statutes of limitations, not limitations periods that are inherent parts of the right of action created. *Larrance v. Human Rights Comm'n,* 166 Ill.App.3d 224, 231-32, 117 Ill.Dec. 36, 519 N.E.2d 1203 (1988).  A significant distinction exists between a statute of limitations and a statute that both confers jurisdiction on a court and fixes a time within which such jurisdiction may be exercised.  *Fredman Brothers Furniture Co. v. Department of Revenue* 109 Ill.2d 202, 208, 93 Ill.Dec. 360, 486 N.E.2d 893 (1985).  A statute that creates a substantive right unknown to the common law and makes time an inherent element of the right so created is not a statute of imitations. *Fredman Brothers,* 109 Ill.2d at 209, 93 Ill.Dec. 360, 486 N.E.2d 893. The Review Law's 35-day deadline for filing an administrative review action is not a statute of limitations, rather it is an inherent part of the right of action created. *Fredman Brothers*, 109 Ill.2d at 208-211, 93 Ill.Dec. 360, 86 N.E.2d 893; *Larrance,* 166 Ill.App.3d at 231-32, 117 Ill.Dec. 36, 519 N.E.2d 1203.  Accordingly, equitable tolling principles do not apply

to this case. See *Larrance*, 166 Ill.App.3d at 231-32, 117 Ill.Dec. 36, 519 N.E.2d 1203; see also *Charleston Community Unit School District No. 1 v. Illinois Educational Labor Relations Board*, 203 Ill.App.3d 619, 623, 149 Ill.Dec. 53, 561 N.E.2d 331 (1990) (Illinois precedent indicates that time limitations upon brining actions before administrative agencies are matters of jurisdiction, which cannot be tolled). Id. at 542.

Herein, similar to the statute in Van Milligen, the Illinois School Code contains a limitations period that is an inherent part of the right of action created for review of special education administrative due process hearings.

Thus, Section 14-802a(i) of the School Code, 105 ILCS 5/14-8.02a(i) provides in pertinent part:

> Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h).

Pursuant to Van Milligen the doctrine of equitable tolling is not applicable and Plaintiff's complaint filed 121 days after the administrative decision was mailed to the Plaintiff is time barred.

**2.    Even If The Doctrine of Equitable Tolling Applies, The Doctrine Does Not Provide Plaintiff With Any Relief**

Even if the doctrine of equitable tolling applies to the instant matter, that tolling does not provide Plaintiff with any relief.[3]

The Illinois Supreme Court in Clay v. Kuhl, 189 Ill.2d 603, 614 (Ill. 2000) explained the parameters of equitable tolling:

---

[3] Plaintiff also mentions but does not make any argument regarding waiver and estoppel. Accordingly, those doctrines are not discussed. Moreover, the Seventh Circuit has held that Illinois cases appear at times to use equitable estoppel interchangeably with the related principle of equitable tolling. Hollander v. Brown, 457 F.3d 688, 694, fn.3 (7th Cir. 2001), Thus Defendants' argument regarding equitable tolling would also apply to the doctrine of equitable estoppel.

5

> Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her right in the wrong forum.

Illinois Courts have also noted that the "principles of equitable tolling must be applied with caution." <u>Block v. Pepper Construction Company</u>, 304 Ill.App.3d 809, 817 (1st Dist. 1999) and <u>Ciers v. O.L. Schmidt Barge Lines</u>, 285 Ill.App.3d 1046, 1052 (1st Dist. 1996).

Herein, none of the prongs of the equitable tolling doctrine are present.

First, Defendant School District has not actively misled the Plaintiff. It was not involved in the mailing of the administrative decision in any way. Moreover, Defendant ISBE, by and through its Hearing Officer, also did not actively mislead Plaintiff. The hearing officer mailed her decision to Plaintiff's home address on November 13, 2007. Plaintiff admits she had notice of that mailing on November 19, 2007. She could have taken steps to retrieve the certified mailing. However, she did not do so. Instead, she apparently took alternative steps to obtain the decision because she admits in her affidavit that she obtained and read a copy of the decision "some time after November 19, 2007." (¶15 of Affidavit of Meg Reynolds.)

Neither was Plaintiff prevented from asserting her rights in come extraordinary way. Indeed, she admits in her Declaration in Support of her Motion for Enlargement that:

> As a result of the confusing surrounding of this mailing, I miscalculated the limitations period.

(¶ 9f of Reynold's Declaration attached to Motion for Extension Under Rule F.R.C.P. Rule 6(b)).

A miscalculation of the limitations period is not an extraordinary circumstance. <u>Cf. Wages v. Harlick</u>, 508 F. Supp. 600, 662 (N.D. Ill. 2007). It simply is a mistake.

Nor can Ms. Reynolds claim that her pro se status in and of itself affords her the ability to utilize equitable tolling principles.[4] Thus, in the context of a federal equitable tolling principles, the United States Supreme Court in Baldwin City, Welcome Center v. Brown, 466 U.S. 147, 152 (1984) held that a plaintiff's pro se status at the time of filing does not automatically or independently justify equitable tolling.

Two Seventh Circuit cases, while not controlling, are illustrative of the inapplicability of equitable tolling principles based upon a pro se representation. Thus, in Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006) the Court stated:

> [P]ermitting equitable tolling of a statute of limitation for every procedural or strategic mistake by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers.

Similarly, in Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001), overruled in part on other grounds, Ashley v. United States, 266 F.3d 671 (7th Cir. 2002), the Seventh Circuit held that pro se status combined with limited legal knowledge and ability were insufficient grounds for invoking the equitable tolling doctrine.

Finally, Plaintiff can find no comfort from the last prong of the Illinois equitable tolling doctrine. She did not mistakenly file her complaint in the wrong forum. She picked a correct forum, she just filed her complaint late.

### 3. The Federal Rules of Appellate Procedure Do Not Apply

Plaintiff next argues that Rule 4(a)(5) of the Federal Rules of Appellate Procedure should be invoked by this Court to allow upon a showing of excusable neglect or good cause, an extension of time for filing a notice of appeal. (Pl's. Memo. at pp. 11-12).

---

[4] Indeed, while Ms. Reynolds is proceeding pro se in this lawsuit, she is an attorney and for 2007 was registered with the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (Registration No. 6225915).

Of course, this argument is a non-starter because the Rules of Appellate Procedure "govern procedure in the United States Court of Appeals," not the District Courts. FRAP 1(a)(i).

### 4. The Federal Rules of Civil Procedure Also Do Not Allow For Extension of a Statistic of Limitations

Plaintiff's next argument is equally fallacious. Ms. Reynolds argues that Rule 6(b) of the Federal Rules of Civil Procedure allows district courts to enlarge statutes of limitations by reason of excusable neglect. (Pl's. Memo. at p. 12).

While Plaintiff quotes what she alleges is a portion of Rule 6(b)(l), she ignores the basic limitation of that rule to orders of court or other rules of federal civil procedure. Thus, Rule 6(b) states in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in the discretion . . .

Even a non-practicing attorney should be able to clearly discern from a simple reading of this passage that Rule 6(b) covers only orders of court or other provisions of the Rules of Civil Procedure. Rule 6(b) does not cover statutes – especially statutes containing limitation periods.

## **CONCLUSION**

For all the reasons stated herein and in Defendants' initial memorandum of law, Plaintiff's Amended Complaint is barred by the applicable limitations period and should be dismissed with prejudice.

                                        OAK PARK & RIVER FOREST HIGH SCHOOL DISTRICT NO. 200 and BOARD OF EDUCATION OF OAK PARK & RIVER FOREST HIGH SCHOOL DISTRICT NO. 200


                                        By: s/John A. Relias
                                            John A. Relias – 02313081
                                            jar@franczek.com

John A. Relias
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60605
(312) 986-0300

Dated:  April 21, 2008

374567.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Reply Memorandum of Defendants Oak Park & River Forest School District 200 and Board of Education of Oak Park & River Forest High School District 200** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 21st day of April, 2008:

>Meg Reynolds
>1166 South Clinton Avenue
>Oak Park, IL  60304

I further certify that I mailed a copy of the Memorandum to Meg Reynolds by first class postage prepaid U.S. mail on this 21st day of April, 2008.

>By:  s/John A. Relias
>John A. Relias – 02313081
>jar@franczek.com
>
>FRANCZEK SULLIVAN P.C.
>300 South Wacker Drive
>Suite 3400
>Chicago, IL 60605
>(312) 986-0300

374567.1