FILED
MAY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Meg Reynolds, individually and for her minor child Tom Reynolds-Ejzak, <br><br> Plaintiff(s), <br><br> Vs. <br><br> Oak Park-River Forest School District 200, Local School District; Board of Education of Oak Park-River Forest School District 200; and The Illinois State Board of Education, <br><br> Defendants. | CASE NO. 08-C-1507 <br> Judge John W. Darrah |

## [PROPOSED] PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANT SCHOOL DISTRICT'S MOTION TO DISMISS

Plaintiff Meg Reynolds respectfully submits this Sur-Reply Memorandum of Law opposing Defendant School District's new argument that equitable tolling is not available to toll the statute of limitations in this case because state law does not allow it.

In its April 21, 2008 reply memorandum, Defendant School District raises for the first time certain legal arguments about the Illinois School Code statute of limitations. Defendant argues, using cases interpreting the Illinois Administrative Review Law, that Illinois law does not allow equitable tolling "when the limitations period is an inherent part of the right of action created." *Defendant's reply memorandum,* Section B.1., page 4.

Defendant then summarily asserts that the Illinois School Code limitations statute at 105 ILCS 5/14-8.02a (i) is such a limitations period and therefore, equitable tolling is not allowed in this case. Finally, Defendant erroneously summarizes the standards under which Illinois courts have allowed equitable tolling of statutes of limitations.

Defendant's arguments are contradicted by the applicable federal and state case authority and the statutory law, as described below.

**1.    The Illinois School Code statute of limitations is not an "inherent part of the right of action created."**

Defendant cites <u>Van Milligen v. Department of Employment Security</u>, 373 Ill. App.3d 532 (2nd Dist. 2007), to support its assertion that the 120-day Illinois School Code limitations period cannot be tolled in an IDEA case. In <u>Van Milligen</u>, a plaintiff appealed a denial of unemployment benefits under a state unemployment law that incorporated the Illinois Administrative Review Law by specific reference. The state court dismissed the complaint because it failed to name a key defendent. Plaintiff appealed. In refusing to apply equitable tolling principles to allow plaintiff to amend the complaint, the state court explained the difference between a statute of limitations (to which equitable tolling usually does apply) and a limitations period that is "an inherent part of the right of action created" (to which the court said equitable tolling usually does not apply):

> A significant distinction exists between a statute of limitations and a statute that both confers jurisdiction on a court and fixes a time within which such jurisdiction may be exercised . . . A statute that creates a substantive right unknown to the common law and makes time an inherent element of the right so created is not a statute of limitations." <u>Id.</u> at 542.

Defendant hopes to apply the same conclusion to this action. But it does not work in this action for two reasons:

(1) The Illinois School Code limitations period is not a jurisdictional rule; and

(2) The decisions that Defendant relies on derive their authority from the Illinois Administrative Review Law, which by its terms does not apply to the Illinois School Code limitations period.

2

a. **The Illinois School Code limitations period is not a jurisdictional rule.**

In Farzana K. v. Indiana Dept. of Education, 473 F.3d 703 (7th Cir. 2007), the Seventh Circuit ruled that a limitations period borrowed from Indiana or any other state law under the IDEA is not jurisdictional because federal courts have already been authorized to resolve disputes under the IDEA:

> Whether federal jurisdiction exists is a matter of federal law . . . Federal courts have been authorized to resolve disputes under the IDEA, so procedural hurdles – whether these concern timely filing or verification – are not "jurisdictional."

Id. at 703. The Farzana court concluded that a statute of limitations borrowed from state law in an appeal of a hearing officer's decision under the IDEA was subject to equitable modifications such as waiver and forfeiture. Id. At 705. *See also* Wall Township Board of Education v. C.M. (N.D. N.J. 2008), 534 F. Supp. 2d 487 (D.N.J. 2008) ("By permitting the individual states to set forth the time limitation for an aggrieved party to appeal a decision made following an IDEA due process hearing, Congress intended for Section 1415(i)(2)(B) to be treated as a statute of limitations subject to waiver, estoppel, and equitable tolling.") Thus the Illinois School Code limitation period at 5/14-8.02a(i) does not work with Defendant's analysis.

b. **Defendant's case authority relies on the Illinois Administrative Review Law, which by its terms does not apply to the Illinois School Code limitations period at 105 ILCS 5/14-8.02a(i).**

Nor can the Illinois decisions on which Defendant relies be applied here because the Illinois Administrative Review Law, by its own terms, does not apply to the Illinois School Code limitations period at 105 ILCS 5/14-8.02a(i). See Van Milligen; Fredman Bros. Furniture Co. v. Dept of Revenue, 486 N.E.2d 893 (1985); Larrance v. Human Rights Comm'n, 519 N.E.2d 1203 (1988); and Nudell v. Forest Preserve, 776 N.E.2d 815

(2002). These decisions do not control the case at hand because in all of them, the state circuit court was exercising special jurisdiction conferred on it by the Illinois Administrative Review Act, 735 ILCS 5/3-101 *et seq.* Section 5/3-102 of that Act clearly provides that the Act does not apply unless expressly adopted under the statute at issue:

> "Sec. 3-102. Scope of Article. Article III of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency **where the Act creating or conferring power on such agency, by express reference, adopts the provisions of Article III of this Act or its predecessor, the Administrative Review Act. . . .** Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision."[**Emphasis added.**]

Certain sections of the Illinois School Code do incorporate the Illinois Administrative Review Act by specific reference. The Act is expressly adopted, for example, for appealing decisions by regional superintendents of education and various decision making bodies. *See, e.g.,* 105 ILCS 5/2-14.23 and 5/7-2.7. But the Illinois School Code at 105 ILCS 5/14-8.02a(i), which sets out the limitations period for appeals of due process hearing decisions under the IDEA, includes no reference whatsoever to the Administrative Review Act. The Illinois Legislature found no reason to incorporate the Administrative Review Act by reference in 105 ILCS 5/14-8.02a(i) because federal law already confers jurisdiction at 20 U.S.C. 1415(i)(2)(A).

**2.  Illinois courts allow equitable tolling of statutes of limitations in broader circumstances than those Defendant puts forward.**

Finally, Defendant understates the standards under which Illinois courts allow equitable tolling of statutes of limitation. Defendant categorically contends that equitable tolling is not available in this case by relying on Clay v. Brother Kuhl, 727 N.E.2d 217 (Ill. S.Ct. 2000). Clay involved a 32-year-old woman who sued a cleric for alleged child

4

sexual abuse she suffered as a 7- to 9-year-old. In <u>Clay</u>, the court offered examples of circumstances in which equitable tolling may be available, including where the defendant has misled the plaintiff and where "the plaintiff has been prevented from asserting his or her rights in some extraordinary way."

Defendant does not define "extraordinary," but summarily concludes that it would not apply to this case. That is, although the ISBE hearing officer's decision was not delivered to Plaintiffs but "returned to sender" by the Postal Service, Defendant believes this did not prevent Plaintiffs from asserting their rights in any extraordinary way.

Plaintiffs believe Defendants' theory is wrong. Illinois courts have recognized broader circumstances for equitable tolling. E.g., in <u>Griffin v. Willoughby</u>, 369 Ill. App. 3d 405 (Ill. App. Ct. 2006), the court approvingly cited Judge Posner's analysis in <u>Fidelity National v. Howard Savings</u>, 436 F.3d 836 (7th Cir. 2006), noting that Posner "guessed that Illinois would accept the 'commonplace' and 'sensible' tolling doctrine." <u>Id.</u> at 416. The <u>Griffin</u> court then appeared to adopt both <u>Clay v. Brother Kuhl</u> and the Seventh Circuit's broader position on equitable tolling:

> [E]quitable tolling, unlike equitable estoppel, applies even when the defendant is faultless... Where the plaintiff cannot reasonably be expected to sue in time because of disability, irremediable lack of information, or other circumstances beyond his control, the statute of limitations will be tolled until he is able through the exercise of proper diligence to file his suit. ..." <u>Id.</u> at 416.

As these decisions show, equitable tolling in Illinois is not limited to "extraordinary" circumstances (however defined), nor interchangeable with equitable estoppel. Therefore, equitable tolling should be available in this case to extend the limitations period by one day.

Respectfully submitted,

*Meg Reynolds*
Meg Reynolds, pro se

5

1166 S. Clinton Ave.
Oak Park, IL 60304
Telephone: 312-297-6935
Fax: 312-297-5956
Email:megreynolds@sbcglobal.net
Certified mail:
c/o BCBSA
225 N. Michigan Ave.
Chicago, IL 60601

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Tom Reynolds-Ejzak**, by his natural mother  )
and guardian, **Meg Reynolds**,                  )
                                                 )
       Plaintiff(s),                         )
                                                 )
Vs.                                              )  CASE NO. 08-C-1507
                                                 )  Judge John W. Darrah
**Oak Park-River Forest School District 200,**   )
**Local School District; Board of Education**    )
**of Oak Park-River Forest School District**     )
**200;** and **The Illinois State Board of**
**Education,**

       Defendants.

### Certificate Of Service

    I, Meg Reynolds, pro se Plaintiff, certify that on April 30, 2008 I served a true copy of Plaintiffs' Motion Requesting Leave to File Brief Sur-Reply (including Proposed Sur-Reply Memorandum of Law in Further Opposition to Defendant School District's Motion to Dismiss) by faxing these documents on that day and also placing them in the U.S. Mail, postage pre-paid, the next day to the following individuals:

        **Defendant Oak Park-River Forest School District 200, et al.**
        **counsel of record:**

        **John A. Relias, Esq.**
        Franczek Sullivan PC
        300 South Wacker Drive.
        Chicago, IL 60606
        Fax no.: 312-986-9192

        **Illinois State Board of Education counsel of record:**

        **Rachel Fleischmann, Esq.**
        Illinois Attorney General's Office
        100 W. Randolph Street, 13th Floor
        Chicago, Illinois 60601
        Fax no. 312-814-4425

Dated this 30th day of April, 2008

                                                                      */s/ Meg Reynolds*
                                                                           Meg Reynolds