MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEG REYNOLDS, individually and on behalf of her minor child Tom Reynolds-Ejzak,<br><br>Plaintiff,<br><br>v.<br><br>OAK PARK-RIVER FOREST SCHOOL DISTRICT 200, LOCAL SCHOOL DISTRICT, BOARD OF EDUCATION OF OAK PARK-RIVER FOREST SCHOOL DISTRICT 200, and THE ILLINOIS STATE BOARD OF EDUCATION,<br><br>Defendants. | No. 08 C 1507<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Meg Reynolds, individually and on behalf of her minor son Tom Reynolds-Ejzak, filed suit, *pro se*, against Defendants, appealing the final decision by the Illinois State Board of Education ("ISBE") Impartial Hearing Officer ("IHO"), pursuant to the Individuals With Disabilities Education Improvement Act ("IDEA"). Defendants have moved to dismiss the Amended Complaint; and, in response, Reynolds has filed an opposition brief and a Motion to Extend Under Federal Rules of Appellate Procedure 4(a)(5) and a Motion for Extension Under Federal Rule of Civil Procedure 6(b).

## BACKGROUND

A reading of Reynold's Amended Complaint and brief in opposition to Defendants' motion and corresponding affidavit[1] supports the following summary of the alleged conduct of the parties.

---

[1] A plaintiff may supplement her complaint with an affidavit or brief with additional facts to defeat a motion to dismiss if the facts are consistent with the allegations in the complaint. *See Help at Home, Inc. v. Medical Capital*, 260 F.3d 748, 752-53 (7th Cir. 2001).

Reynolds' minor son, Tom, is a student in Oak Park-River Forest School District 200 ("School District"). On September 21, 2007, Reynolds submitted ISBE form 1-86A, Parental Request for an Impartial Due Process Hearing, to the School District requesting a hearing on complaints set forth in the form relating to Tom's education. The ISBE received Reynolds' form on September 25, 2007, and appointed James Wolters as the IHO. Subsequently, Reynolds contacted the ISBE Due Process Coordinator to ask about the status of her complaints and about scheduling. Reynolds received an Internet password to access the ISBE online special education database system to allow her to retrieve filings in her case. Reynolds retrieved a copy of a letter sent to her from the School District's attorney and a copy of the School District's motion that moved to dismiss certain of Reynolds' claims and for summary judgment on the remaining claims. Reynolds also asked that the ISBE send all future correspondence to her Chicago office address due to problems she had receiving certified mail at her home address.

On October 1, 2007, Wolters sent a Notice of Pre-Hearing Conference, advising of a pre-hearing conference on October 25, 2007, and a hearing on November 9, 2007. Via an October 3, 2007 letter, Wolters acknowledged receiving the School District's motion and stated that he would "abstain from issuing a written ruling on the motion until October 20, 2007, to provide Ms. Reynolds an opportunity to respond to that motion in writing."

In early October 2007, Reynolds requested a substitution of IHO on the grounds that Wolters had an extended client relationship with the School District's attorney. Via the ISBE website, Reynolds retrieved an October 9, 2007 letter from Andrew Eulass, an ISBE Due Process Coordinator, and learned that Sheana Hermann, Wolter's daughter, was appointed to replace Wolters as IHO. The October 9, 2007 letter also stated that Hermann would contact Reynolds

2

within five days of the receipt of the letter to "arrange dates, times and locations of the hearing and pre-hearing conference." The letter was addressed to Reynolds' Chicago office address. Reynolds did not receive further contact from Hermann.

In late October 2007, Reynolds accessed the ISBE website and "found" a letter stamped "received Oct. 22, 2007" from Hermann addressed to Reynolds at her Chicago office address and to the School District's attorney. Reynolds had not received the letter by mail. The letter informed the parties that Hermann was striking Wolters' previously scheduled pre-hearing conference and gave Reynolds until October 29, 2007, to file her response to the School District's motion. The letter also stated that Hermann would rule on the motion "on or before November 5, 2007." On October 30, 2007, after obtaining a two-day extension, Reynolds filed her response to the School District's motion.

On November 2, 2007, Reynolds wrote to Eulass to express her concern about the failure to hold a mandatory resolution session and the delays in scheduling a mediation. Reynolds also questioned why a pre-hearing conference and hearing date had not been scheduled. Eulass referred Reynolds to Hermann.

Despite a scheduled mediation session for November 15, 2007, on November 13, 2007, Hermann granted the School District's motion, dismissing the matter with prejudice and granting summary judgment in the School District's favor. Hermann mailed her ruling to Reynolds via certified letter to Reynolds' home address on November 13, 2007. On November 15, 2007, Reynolds had not yet received Hermann's letter; and a mediation session took place with Reynolds and the Superintendent, Assistant Superintendent and Special Education Director. On November 19, 2007, Reynolds received a notice of certified mail at her home address, alerting her

to certified mail from Hermann. Reynolds signed the certified mail notice, but the postman never re-delivered Hermann's decision. The copy of Hermann's decision mailed to Reynolds was "returned to sender" three weeks later.

On March 13, 2008, Reynolds filed the instant suit, "as a timely appeal of a final Decision and Order issued on November 13, 2008[sic] by Illinois State Board of Education ("ISBE") Impartial Hearing Officer ("IHO") Sheana Hermann."

## ANALYSIS

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). The allegations in the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 767 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1973 n. 14 (2007)).

Defendants move to dismiss Reynolds' Complaint as barred by the applicable statute of limitations.

Pursuant to the IDEA, a "party aggrieved by the findings and decision . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section . . . ." 20 U.S.C. § 1415(i)(2)(A). An action brought under this section must be filed within ninety days of the hearing officer's decision or, if the state has an explicit time limitation to file an action, within the time limitation set forth by the state. 20 U.S.C. § 1415(i)(2)(B). Pursuant to the Illinois School Code, a civil action must be filed "within 120 days after a copy of the decision of the impartial due

4

process hearing officer is mailed to the party . . . ." 105 ILCS § 5/14-8.02(a)(i); *Dell v. Board of Educ., Township H.S. Dist. 113*, 32 F.3d 1053, 1061 (7th Cir. 1994) (*Dell*). This 120-day limitation period has been strictly construed. *See Dell*, 32 F.3d at 1061-62 (suit filed 121 days after decision was mailed was time barred); *Benik v. Lisle Comm. Unit Sch. Dist. 202*, 95 C 6392, 1997 WL 566386 (N.D. Ill. Sept. 8, 1997) (same).

Here, Reynolds filed her suit 121 days after Hermann's decision was mailed to the parties. Thus, Reynolds' suit was not timely filed.

Reynolds argues that her suit should not be considered untimely because the decision was not properly mailed to her on November 13, 2007, since it was mailed to her home address rather than her Chicago office address, as requested, and that the earliest actual notice she could have received of the decision was November 17, 2007, when she received the notice of certified mail. Essentially, Reynolds seeks to equitably toll the statute of limitations.

The applicable statute of limitations is borrowed from state law; thus, the state law doctrine of equitable estoppel is applied (as opposed to federal equitable estoppel law). *See Shropshear v. Corporation Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). Defendants argue that equitable tolling is not applicable because, under Illinois law, equitable tolling cannot be applied to limitation periods that are an inherent part of the right of action created for the review of administrative hearings. *See Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 542 (2007) (*Van Milligen*). Reynolds argues that *Van Milligen* is not controlling and that equitable tolling can be applied. The Court need not determine this issue because, assuming that equitable tolling could be applied, Reynolds' argument for equitable tolling is not persuasive.

5

Under Illinois law, the statute of limitations may be equitably tolled if the defendant actively misled the plaintiff, if the plaintiff was prevented in some extraordinary way from asserting her rights, or if the plaintiff mistakenly asserted her right in the incorrect forum. *See Clay v. Kuhn*, 189 Ill. 2d 603, 614 (2000); *see also Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004) (equitable tolling may apply where the plaintiff, through no fault of the defendant, is unable to file suit within the limitations period).

Equitable tolling in the present case is not applicable because the Defendants have not actively misled Reynolds, Reynolds did not file suit in an incorrect forum, and Reynolds was not prevented in some extraordinary way from timely filing suit. While Hermann's decision was not mailed to Reynolds' requested address, the decision was mailed to Reynolds' home address on November 13, 2007; and Reynolds received notice of the mailing four days later, on November 17, 2007. In addition, Reynolds was aware that Hermann intended to rule on the Defendants' pending motion in early November 2007, through earlier correspondence that Reynolds had received from Hermann. Furthermore, Reynolds specifically pled and stated in her affidavit that she obtained copies of letters and filings via the ISBE website prior to November 13, 2007. Thus, once Reynolds knew that a correspondence from Hermann had been sent to her, she could have retrieved the document from the website (as she had previously done). The slight delay in Reynolds' learning of the decision because the decision was mailed to Reynolds' home address did not prevent Reynolds from timely filing suit.

In a further attempt to save her suit, Reynolds filed a Motion to Extend Under Federal Rule of Appellate Procedure 4(a)(5). However, the Federal Rules of Appellate Procedure are not applicable to Reynolds' suit and do not extend a statute-of-limitations period for filing suit in the District Court.

Reynolds also filed a Motion for Extension Under Federal Rule of Civil Procedure 6(b). Rule 6(b) provides, in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . (B) on motion after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, Rule 6(b) does not authorize courts to enlarge statutory limitation periods for filing suit. *See O'Malley v. Town of Egremont*, 463 F. Supp. 2d 240, 247-48 (D. Mass. 2006); *McNicholas v. Elrod*, 86 C 7782, 1990 WL 186559 (N.D. Ill. Nov. 17, 1990).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Reynolds' Amended Complaint is dismissed with prejudice as untimely.

Dated: May 22, 2008

JOHN W. DARRAH
United States District Court Judge