IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Meg Reynolds, individually and on behalf, of her minor child Tom Reynolds-Ejzak, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-C-1507 |
| v. | ) ) | Judge John W. Darrah |
| Oak Park & River Forest School District 200, Local School District, Board of Education of Oak Park & River Forest School District No. 200 and The Illinois State Board of Education, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS OAK PARK & RIVER FOREST SCHOOL
DISTRICT 200 AND BOARD OF EDUCATION OF OAK PARK &
RIVER FOREST HIGH SCHOOL DISTRICT 200'S RESPONSE TO
PLAINTIFFS' MOTION TO RECONSIDER AND FOR CLARIFICATION**

**INTRODUCTION**

On March 18, 2008, Plaintiff Meg Reynolds, individually and on behalf of her minor child, Tom Reynolds-Ejzak ("Reynolds") filed an Amended Complaint against *inter alia* Defendants Oak Park & River Forest School District 200 and the Board of Education of Oak Park & River Forest School District 200 (collectively, "School District").

Plaintiffs' Amended Complaint affirmatively states that Reynolds' cause of action arises out of her efforts to enforce the rights of her son under the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") (¶ 1) and that the Amended

**1**

Complaint is an appeal of a final decision and order issued by an impartial hearing officer

(¶ 2).

On March 21, 2008, the School District filed its motion to dismiss and memorandum of law in support stating that Reynolds' initial Complaint was filed 121 days after the administrative IDEA decision was issued and therefore was untimely.

On April 14, 2008, Plaintiff filed her response. Thereafter, the School District filed its reply on April 21, 2008. Reynolds requested and was granted leave to file a sur-reply on May 1, 2008.

This Court then entered its decision on May 22, 2008, dismissing with prejudice Plaintiff's Amended Complaint. Finally, on June 2, 2008, Reynolds filed a motion to reconsider and for clarification in which she alleged for the first time that her Amended Complaint seeks relief against the School District for violations of IDEA, the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1574 ("Section 504") (¶ 2 of Plaintiffs' Motion to Reconsider and For Clarification). This is the School District's response.

## ARGUMENT

**A.    Reynolds' Amended Complaint Only Seeks Review Of An IDEA Administrative Decision**

Plaintiff's Amended Complaint is solely an appeal of an administrative decision under IDEA.

Thus, Paragraphs 1 and 2 of the Amended Complaint state in their entirety:

378883.1

1.    This cause of action arises out of the efforts of Plaintiff Meg Reynolds to enforce the rights of her son under the Individuals with Disabilities Act ("I.D.E.A") as well as her efforts to exercise her parental participation rights under I.D.E.A.

2.    Plaintiffs file this Complaint as a timely appeal of a final Decision and Order issued on November 13, 2008 by Illinois State Board of Education ("ISBE") Impartial Hearing Officer ("IHO") Sheana Hermann.

Even Paragraph 7 of the Amended Complaint which does mention the ADA and

Section 504 only does so in specific reference to an appeal of the Hearing Officer's IDEA

decision and not as claims under the ADA and Section 504:

7.    Plaintiffs bring this timely Action under the I.D.E.A., Section 504 of the Rehabilitation Act and the American with Disabilities Act to appeal the final Order and Decision of IHO Sheana Hermann.

That Plaintiff's Amended Complaint is limited to an appeal of the IDEA

administrative decision is further supported by a review of the actual counts of the

Amended Complaint.

Thus, Plaintiff's first cause of action is entitled:  "The Impartial Hearing Officer

failed to apply proper standard for a motion to dismiss."

Furthermore, the operative paragraphs of this count only relate to Plaintiff's IDEA

claims.  Paragraphs 69 and 70 state:

69.    The State of Illinois Board of Education, through its appointed hearing officer, failed to apply the proper legal standard in this jurisdiction for granting a motion to dismiss with prejudice.

70.    This Court should REVERSE the State of Illinois Board of Education's IHO Order On District's Motion to Dismiss with Prejudice and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution

meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

Plaintiff's second count also is limited to an appeal of the IDEA decision rendered by the Hearing Officer. Thus, that count is styled: "The Impartial Hearing Officer failed to apply proper standard in granting a motion for summary judgment."

Moreover, the operative paragraphs of Count II only relate to the appeal of the IDEA administrative decision.

> 72.    The State of Illinois Board of Education appointed hearing officer erred in her Opinion and Order because the assigned hearing officer failed to apply the legal standard in this jurisdiction for granting a motion for summary judgment in I.D.E.A. matters.

> 73.    This Court should REVERSE the Order of the IHO On District's Motion for Summary Judgment in favor of the Defendant District in Case No. 2008-0100 and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule. In the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

Plaintiff's third count follows this same pattern. Count III is entitled: "The Impartial Hearing Officer failed to recognize a cognizable justifiable claim of retaliation pursuant to the I.D.E.A."

And, as with the other two counts, the operative paragraphs are limited to an IDEA appeal:

> 75.    The Illinois State Board of Education appointed hearing officer failed to recognize that a claim of retaliation for hindering or impeding a parent's statutory right to enforce her child's I.E.P. is a cognizable claim arising from § 1415(b) of the I.D.E.A.

4

76.     The Illinois State Board of Education appointed hearing officer failed to recognize that a claim of retaliation for hindering or impeding a parent's statutory right to enforce her child's I.E.P. is a cognizable claim of denial of FAPE under the I.D.E.A.

77.     As a direct result of the hearing officer's failure to recognize a parent's right to enforce her child's rights in an I.E.P., Plaintiff's claim for retaliation was dismissed with prejudice.

78.     This Court should REVERSE the Order of the IHO's finding that she did not have subject matter jurisdiction of Plaintiff's retaliation claim District and REMAND with instructions to the School District and the ISBE to properly schedule a pre-hearing conference, document exchange, mandatory resolution meeting, mediation conference, and hearing schedule, in the alternative, the Court should REMAND with an instruction to enter judgment in favor of the Plaintiffs on all their claims.

Plaintiff's fourth cause of action simply repeats all the allegations of Reynolds' Amended Complaint and then in a final paragraph seeks reasonable costs "which are believed to exceed $500.00." (¶ 80.)

Additionally, Reynolds' own characterization of her Complaint also establishes that she is not bringing any independent ADA or Section 564 claims.  Reynolds admits in her memorandum of law in response to the School District's motion to dismiss:

> On March 13, 2008, Plaintiffs filed their Complaint appealing a decision by an independent hearing officer appointed by the Illinois State Board of Education under the Individuals With Disabilities Education Improvement Act, 20 U.S.C. § 1901 *et seq.* ("IDEA").  (Page 1)[1]

Even Reynolds' motion for reconsideration admits that her claims are only an appeal of an IDEA administrative decision.  Paragraph 1 of that motion states:

> 1.  On March 18, 2008, Plaintiffs filed an Amended Complaint appealing a final decision and order by an Illinois State Board of Education hearing

---

[1] There is no difference between the 80 paragraphs of the Complaint and the Amended Complaint.

officer pursuant to the Individuals with Disabilities in Education Act ("IDEA"), the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1974 ("Section 504").  (¶ 1.)

Thus, Reynolds' Amended Complaint can only be viewed as an appeal of an IDEA administrative decision.  There are no independent ADA or Section 504 claims.  Therefore, this Court's decision dismissing the Amended Complaint with prejudice was correct.

**B.    Reynolds Has Waived Any Argument That She Has Stated Independent ADA or Section 504 Claims**

Federal Courts do not consider arguments raised for the first time in motions for reconsideration.  *Lamle v. Mattel*, 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005) and *Black & Decker, Inc. v. Robert Busch Tool*, 2006 WL 3883937 at 1 (N.D. Ill. 2006).

Herein, Reynolds filed a response and sur-reply to the School District's motion to dismiss.  The School District's motion to dismiss was based solely on the issue that Plaintiff's claims were untimely under IDEA.  Reynolds never raised any defense to the motion to dismiss on the grounds that she had filed ADA and Section 504 claims.

Instead she simply argued that her Amended Complaint was timely under IDEA. Accordingly, she has waived any argument that her Amended Complaint included ADA or Section 504 counts.

**C.    An Additional Two Day Delay Is Irrelevant**

Reynolds next argues that this Court incorrectly recorded certain key facts on which its ruling was based.  (¶ 4 of Motion to Reconsider.)

While Reynolds utilized the plural "facts" she points to only one fact – which is not key. Plaintiff states that she received notice of the certificate of mailing of the IDEA Hearing Officer's decision on November 19, 2007 not November 17, 2007 as this Court's order states. (*Id.*) She then claims that this is a 6 day delay not a 4 day delay.

However, Reynolds does not explain why the additional 2 day delay is "key". Of course, it is not because she still had until March 12, 2008 or 113 days from November 19, 2007 to file her complaint.

Nor did Reynolds develop this argument with sufficient facts and relevant case law as required by federal decision authority. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) and *Black & Decker*, *supra*. Accordingly, this portion of her motion should also be denied.

378883.1

CONCLUSION

For all the reasons stated herein this Court should deny Plaintiff's motion for reconsideration and clarification.

OAK PARK & RIVER FOREST HIGH SCHOOL DISTRICT NO. 200 and BOARD OF EDUCATION OF OAK PARK & RIVER FOREST HIGH SCHOOL DISTRICT NO. 200


By: s/John A. Relias
    John A. Relias – 02313081
    jar@franczek.com


John A. Relias
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60605
(312) 986-0300

Dated:  June 16, 2008

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Defendants Oak Park-River Forest School District 200 and Board of Education of Oak Park–River Forest School District 200's Response to Plaintiffs' Motion to Reconsider and for Clarification** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this 16th day of June, 2008:

Meg Reynolds
1166 South Clinton Avenue
Oak Park, IL  60304

I further certify that I mailed a copy of the Response to Meg Reynolds by first class postage prepaid U.S. mail on this 16th day of June, 2008.

By:   s/John A. Relias
John A. Relias – 02313081
jar@franczek.com

FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60605
(312) 986-0300

9

378883.1