IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 1 5 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MEG REYNOLDS, individually and on behalf of her minor child, TOM REYNOLDS-EJZAK, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| Vs. | ) CASE NO. 08C 1507 ) ) |
| Oak Park-River Forest School District 200, Local School District; Board of Education of Oak Park-River Forest School District 200; and The Illinois State Board of Education, | ) Hon. Judge John W. Darrah ) ) |
| Defendants. | |

### REPLY TO DEFENDANT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND CLARIFICATION
### and
### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Meg Reynolds and Plaintiff Tom Reynolds-Ejzak, by his mother and Next Friend Meg Reynolds ("Plaintiffs"), respectfully submit this Reply to Defendant School District's Response to Plaintiffs' Motion to Reconsider and for Clarification; and also submit this brief as a Memorandum in Support of their separate Motion for Leave to Amend their First Amended Complaint.

### Introduction

On March 13, 2008, Plaintiffs filed their Complaint against Defendants Oak Park & River Forest School District 200 and the Board of Education of Oak Park & River Forest School District No. 200 (together, "School District") and the Illinois State Board of Education ("ISBE") alleging violations of the Individuals with Disabilities in

Education Act ("IDEA"), the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1974 ("Section 504" or "504"). On March 21, 2008, the School District moved to dismiss Plaintiffs' IDEA claims on grounds they were untimely filed. Defendant's Motion to Dismiss under Rule 12(b)(6), and its Memorandum of Law in Support, cited only the Illinois 120-day statute of limitations for appeals of an administrative hearing decision under the IDEA and made no mention of Plaintiffs' ADA or Section 504 claims. (*See* Defendants' Motion to Dismiss and Memorandum of Law in Support, filed March 21, 2008.)

On May 29, 2008, this Court granted Defendant's Motion to Dismiss on IDEA statute of limitations grounds and dismissed Plaintiffs' entire Amended Complaint with prejudice. On June 2, 2008, Plaintiffs filed a Motion to Reconsider and for Clarification asking the Court, among other things, whether it had intended to dismiss Plaintiffs' timely ADA/Section 504 claims, and requesting instead that the Court retain jurisdiction of Plaintiffs' claims under the ADA and Section 504 as originally sought in the Amended Complaint. *See* Motion to Reconsider and for Clarification, page 5. The School District submitted its Response on June 16, 2008. This is Plaintiffs' Reply to that Response.

I. **Section A of Defendant School District's Response** ("Reynolds' Amended Complaint Only Seeks Review of an IDEA Administrative Decision")

Essentially, Section A of Defendant's Response contends that: (1) Plaintiffs' original Amended Complaint constituted only an appeal of an IDEA administrative decision and failed to allege any "independent" claims under the ADA and Section 504; and (2) as a result, Plaintiffs' timely ADA/504 claims were somehow properly dismissed along with their IDEA complaints against the School District -- on IDEA, not ADA/504,

statute of limitations grounds. Defendant recites no law or other authority in its 9-page brief for these arguments or for its notion of an "independent" ADA/504 claim.

**Reply:** In fact, Plaintiffs' ADA/504 claims *were* pleaded as distinct claims based on ample factual allegations contained in the Amended Complaint and Exhibits to the complaint. Those claims were timely filed and adequately pleaded in the Amended Complaint and Exhibits. Defendant cites no authority defining or requiring an "independent" ADA/504 claim. But even if this Court determines that Plaintiffs' ADA/504 claims need amendment or supplementation, this is not cause for dismissal of timely claims under the Federal Rules of Civil Procedure. Rather, this Court should allow Plaintiffs to amend their complaint in the form attached to Plaintiffs' separate Motion for Leave to Amend First Amended complaint. *See* proposed Second Amended Complaint, attached to Motion for Leave to Amend.

The following is intended to support these arguments.

**Arguments:**

**a. Plaintiffs' Amended Complaint and Exhibits Do Allege Distinct Claims under the ADA and Section 504.**

Defendant School District contends that Plaintiffs raised their ADA and Section 504 claims for the first time in their Motion for Reconsideration and for Clarification. In fact, Plaintiffs raised these claims in their original and Amended Complaints; in their underlying Parental Request for Impartial Due Process Hearing, attached to the original Amended Complaint as Exhibit 1; and in their response to the School District's letter motion to the Hearing Officer attached to the Amended Complaint as Exhibit 9 (cited at paragraph 52). Indeed, Defendant clearly had notice of Plaintiffs' ADA/Section claims because a partial list summarizing those very claims in detail appears in Defendant's own

3

October 1, 2007 letter to ISBE's hearing officer, a copy of which was attached at Exhibit 3 to the Amended Complaint (cited at paragraph 35 of the Amended Complaint). In that October 1, 2007 letter, the School District's attorney summarized several of Meg Reynolds' retaliation and discrimination, etc. claims and quoted *verbatim* from sections of Ms. Reynolds' Due Process hearing request alleging retaliation, interference, discrimination, etc. (See Exhibit 3 to Amended Complaint.)

Relevant language from these documents is referenced and/or reproduced below:

1.   **Paragraphs of <u>Amended Complaint</u> referencing ADA/504 claims.** Paragraphs 6(k), 6, 8, 16, 26, 30, 31-34 of the Amended Complaint (referencing Plaintiffs' Due Process hearing request at Exhibit 1), as well as paragraph 52 (referencing Plaintiffs' Response to Defendant School District's "Letter Motion to Dismiss and Motion for Summary Judgment" at Exhibit 9) and paragraphs 79, 80, paragraph (f) on page 25 and the final paragraph of Plaintiffs' Amended Complaint *all specifically referenced the ADA/504 claims.* Paragraph 30 alleged "retaliation, interference, threats, harassment ... bullying" by Defendant School District arising from Meg Reynolds' efforts to obtain the accommodations specified in her son's IEP. In addition, at the end of the Amended Complaint, on page 25, Plaintiffs *expressly asked this Court to retain jurisdiction of Plaintiff's ADA/504 claims,* as follows:

> "(f) Plaintiffs ask this Court to *take jurisdiction of Plaintiff Meg Reynolds' retaliation claims* arising under Sec. 1415(b) of the I.D.E.A. and Section 504 of the Rehabilitation Act.
>
> Plaintiff Meg Reynolds reserves her right to amend and/or supplement her complaint in the event this court retains jurisdiction over her Section 504/ADA retaliation, harassment and intimidation claims."

4

2. **Relevant language of <u>Exhibits 1 and 9</u> to Amended Complaint.**

Extensive facts alleging violations of the ADA and Section 504 also appeared in Exhibits 1 and 9 to the Amended Complaint, which were incorporated by reference in paragraphs 31-34 and 52 of the Amended Complaint. Below are examples of relevant language from these documents:

**From Exhibit 1, p. 2** *(from Sept. 21, 2007 ISBE Parental Request for an Impartial Due Process Hearing):*

*"Description of Dispute(s)*
-Retaliation, threats and interference by Special Ed and regular education staff in response to my requests for my child's IEP accommodations, including:
    -Special Ed director's telephone harassment and threats necessitating police reports to stop it (repeated calls, threatening to confront the chief officer at my workplace, threatening to come downtown to confront me in the workplace, threatening to schedule illegal IEP meeting on 2 days' notice), September 2005;
    -Retaliation by Special Ed staff by initiating contact with my ex-husband (to extend invitation to my child's IEP meeting though he has no legal decisionmaking authority for child's education), and similar incidents, 2006-2007 school year;
    -Teachers' manipulation of my child's grades to reflect "As" and "Bs" where my child could not complete readings or home work assignments (because he did not receive written assignment information as required b his IEP), 2005-2006 school year)

. . .

    -Retaliation by my child's teachers against me and my child for my attempts to obtain child's IEP accommodations (including withholding requested assignment information for extended periods, though this information would have been freely given to a parent of another student; inviting me to take my child out of their class; sending me offensive messages, etc.), August-December 2005.
    . . ."

**From Exhibit 9, page 4 (from *Meg Reynolds' October 30, 2007 letter to ISBE hearing officer responding to school district's letter motions to dismiss*).**

    "... See, e.g., copies of police reports concerning phone harassment at my job and my home by District 200 Special Education Director following my 2005 complaint to the School Board that my child's IEP was not being implemented, at Parent Exhibit 2."

The facts alleged and documents attached in Exhibits 1, 3 and 9 are central to this cause of action and could not possibly have been overlooked by Defendant School District. Therefore, as the above demonstrates, Plaintiffs did state distinct ADA/Section 504 claims in their Amended Complaint and Exhibits.

**b. The ADA and 504 claims were adequately pleaded in the Amended Complaint under Fed.R.Civ. P. Rules 8(a) and 10(c).**

Plaintiffs' ADA/504 claims also meet the pleading standards under Rules 8 and 10 of the Federal Rules of Civil Procedure. Fed. R.Civ.P. Rule 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed.R.Civ.P. Rule 8(a). The purpose of this pleading requirement is to put the defendants on notice of the claimant's claims and their basis. *Thompson v. Ill. Dept of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Fed. R.Civ.P. Rule 10(c) provides that in construing a pleading, a court must recognize that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." See *Kerry M. v. Manhattan Sch. Dist. # 114*, 2004 U.S. Dist. LEXIS 19563 (N.D. Ill. 2004) (pursuant to Rule 10(c), exhibits attached to the complaint are considered as part of the complaint for all purposes). Therefore, a court must consider exhibits in reviewing a complaint for failure to state a claim and other defects. See *Schnell v. Chicago*, 407 F.2d 1084 (7th Cir. 1969) (affidavits and exhibits attached to complaint are part thereof for all purposes, including review by appellate court of dismissal of complaint for lack of jurisdiction and failure to state a claim).

In this case, the above-cited paragraphs from Plaintiffs' Amended Complaint do recite general allegations and claims under the ADA and Section 504, including

6

allegations of retaliation, interference, threats, harassment and bullying by Defendant School District in paragraph 30 and the other paragraphs of the Amended Complaint cited above. Paragraphs (f) on page 25 and in the ensuing paragraph at the end of the Amended Complaint expressly ask this Court to retain jurisdiction of the ADA/504 claims, putting Defendant on notice that Plaintiffs' claims included allegations of ADA/504 violations.

Moreover, Plaintiffs' Exhibit 1, incorporated by reference at paragraphs 31-34 of the Amended Complaint, alleges extensive, detailed facts on which those ADA/504 claims are based. Exhibit 3, incorporated at paragraph 35 of the Amended Complaint, reflects Defendant's recognition that Plaintiffs' claims included ADA/504 claims. Exhibit 9, incorporated at paragraph 52 of the Amended Complaint, alleges additional factual detail relating to the ADA/504 claims and attaches copies of police reports evidencing retaliation.

As the foregoing shows, the ADA/504 claims were adequately pleaded under Fed.R.Civ.P. Rules 8(a) and 10(c). Indeed, Defendant School District could not possibly claim that it lacked notice of these federal causes of action in Plaintiffs' complaint. As Defendant well knows, Plaintiffs have sought redress for their ADA and Section 504 complaints against School District since commencing their due process complaint in September 2007. Plaintiffs also sought resolution of retaliation/discrimination claims long before that, in the form of complaints against the School District that were submitted to the Illinois State Board of Education and the Office for Civil Rights of the U.S. Department of Education in 2005, 2006 and 2007 under their respective alternative administrative resolution processes. *See, e.g.*, paragraphs 4, 5, 6(l) and (m), 23-25 of

7

Amended Complaint. Defendant School District had ample notice of Plaintiffs' ADA/504 claims and their factual bases.

### c. Even if this Court finds that Plaintiffs' ADA/Section 504 claims need supplementation, it should allow Plaintiffs to amend their complaint rather than dismiss their claims based on a statute of limitations that does not apply.

Generally, whether complaints have been filed by attorneys or by laymen, a court should give a reasonably tolerant reading to complaints. *Stewart v. RCA Corp.*, 790 F.2d 624, 632 (7th Cir. 1986) (citing *American Nurses Ass'n. v. Illinois*, 783 F.2d 716, 723-24, 727 (7th Cir. 1986)). Even where a complaint is almost barren of facts, but a liberal reading of the complaint indicates that it contains claims of a general category, the claimant is entitled to at least try to prove his claim. *Federal Nat'l Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220 (N.D. Indiana 1996), citing *Stewart* at 632.

In this case, as demonstrated above, Plaintiffs' Amended Complaint did recite facts alleging ADA/504 claims both in the body of the complaint and in Exhibits 1, 3 and 9, which were referenced in the complaint and central to Plaintiffs' claims. Those facts alleged, among other things, discrimination, retaliation, harassment and interference by School District under the ADA/504. Exhibit 3 even included a copy of police reports describing how School District's Special Education director placed dozens of threatening and harassing phone calls to Meg Reynolds at her job and at home after Ms. Reynolds wrote to School Board members requesting the services and accommodations in her child's IEP.

But even if this Court finds defects in Plaintiffs' pleadings, it should allow Plaintiffs to amend their complaint, in the form attached to their separate Motion to Amend. *See* proposed Second Amended Complaint, attached to separate Motion to

Amend. Fed.R.Civ.P. Rule 15(a) provides that amendment of pleadings should be freely allowed by the Court "when justice so requires." Amendment has been held to be appropriate, for example, where a case is at an early stage, *see Soltau v. Martin*, 2005 U.S. Dist. LEXIS 43318 (C.D. Ill. 2005) (6 months after complaint was filed); or where "the underlying facts relied upon by a plaintiff may be a proper subject of relief," *see Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits).

The liberal pleading and amendment rule has been applied even more liberally in this jurisdiction where the claimant is *pro se* and "when it appears that by [allowing amendment], ... the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996).

In this case, Defendant School District alleges that Plaintiffs failed to plead their ADA/504 causes of action as separate claims. Plaintiffs disagree with Defendant's characterization. However, if this Court desires, it would be easy enough for Plaintiffs to amend the Amended Complaint to cure this alleged pleading defect. To this end, Plaintiffs have attached a proposed Second Amended Complaint to their separate Motion to Amend. Plaintiffs have not previously requested leave from this Court to amend their complaint. (The original complaint was amended as of right to correct typographical errors before it was served on Defendants).

**d. Defendant School District's Motion to Dismiss based on an Illinois statute of limitations for an IDEA claims cannot apply to Plaintiffs' federal causes of action under the ADA and Section 504.**

9

Finally, Defendant School District asserts that Plaintiffs' timely claims under the ADA/Section 504 should have been dismissed by this Court on IDEA statute of limitations grounds because the Amended Complaint "only seeks review of an IDEA Administrative decision" and the ADA/504 claims had no independent existence. *See* Defendant's Response, pp. 2-6. Defendant further alleges that Plaintiffs cannot pursue ADA/504 claims against School District because of language in the Amended Complaint characterizing this action as an appeal of the hearing officer's final decision and as "arising out of" Plaintiff Meg Reynolds' efforts to enforce rights under the IDEA. *See* page 3 of Defendant School District's Response.

Neither argument has any basis in fact or law or even logic. The Amended Complaint and Exhibits did allege distinct and separate claims under the ADA and Section 504, as described above, and clearly asked this Court to take jurisdiction of the ADA/504 claims. The statute of limitations for an IDEA claim in this jurisdiction does not apply to federal causes of action under the ADA and Section 504, which carry a longer limitations period. Therefore, Defendant School District's Motion to Dismiss Plaintiffs' complaint based on an IDEA statute of limitations could not operate to dismiss Plaintiffs' ADA and Section 504 claims.

Finally, it is ridiculous to suggest that Plaintiffs somehow waived their right to pursue their ADA/504 claims because of language in the Amended Complaint describing this action as an appeal of a final decision by the hearing officer and "arising out of" Plaintiffs' efforts to obtain IEP accommodations. Many of Plaintiffs' retaliation, discrimination, etc. claims did "arise out of" their efforts to obtain legally mandated IEP accommodations from the School District. Plaintiffs' ADA/504 claims were properly

characterized as an appeal of the hearing officer's decision because the hearing officer dismissed their ADA/504 claims (*see* Amended Complaint, Exhibit 2). Courts in this jurisdiction require an ADA/504 claimant to demonstrate that he or she first has exhausted administrative remedies at the due process level. *See, e.g., McCormick v. Waukegan Schl. Dist. # 60*, 374 F.3d 564, 567 (7th Cir. 2004); and *Renguette v. Bd. of Sch. Trs. ex rel. Brownsburg Cmty. Sc.*, 540 F. Supp. 2d (S.D. Indiana 2008). Accordingly, Plaintiffs' language cited by Defendant could not have operated to confine their claims to IDEA claims and thus lose their right to pursue their ADA/504 causes of action.

II. <u>Section B of Defendant School District's Response</u> ("Reynolds Has Waived Any Argument That She Has Stated Independent ADA or Section 504 Claims.")

**Reply:** Defendant also argues, in Section B of its Response, that Plaintiffs waived their ADA/504 claims by not anticipating an argument that Defendant left out of its Motion to Dismiss – namely, that Plaintiffs' ADA/504 claims were not timely (though they were). Defendant is mistaken. Courts in this jurisdiction have consistently held that a claimant does not have to anticipate affirmative defenses to survive a motion to dismiss. *See, e.g., U.S. v. Lewis*, 411 F.3d 838 (7th Cir. 2005); citing *Gomez v. Toledo*, 446 U.S. 635, 640, 64 L. Ed. 2d 572, 100 S. Ct. 1920 (1980).

In this case, Defendant School District never addressed Plaintiffs' ADA/504 claims at all in its Motion to Dismiss or Memorandum in Support. Paragraph 7 of that Motion to Dismiss contends that "the Amended Complaint is barred by the applicable Statute of Limitations." But neither the motion nor the Memorandum in Support mentions any limitations period other than the IDEA limitations period of 120 days.

11

Similarly, in summarizing its argument in the last paragraph of the Memorandum in Support on page3, Defendant School District addressed only the IDEA special education claims:

> "...105 ILCS 5/14-8.02a(i) prescribes a 120-day statute of limitations for appeals of administrative special education decisions or 30 days longer than IDEA's own limitations period."

Thus there was no need for Plaintiffs to raise the statute of limitations for ADA/504 claims in its Response to Defendants' Motion to Dismiss. Defendant's Motion to Dismiss sought dismissal of Plaintiffs' IDEA claims only.

Defendant also contends that Plaintiffs are raising the ADA/504 claims for the first time on a Motion for Reconsideration and Clarification. As demonstrated above, this simply is not true. Facts alleging causes of action under the ADA/504 were amply set forth in the Amended Complaint and Exhibits to that complaint. Plaintiff Meg Reynolds also previously raised the ADA/504 claims in detail in her Parental Request for an Impartial Due Process Hearing, attached to the complaint as Exhibit 1; in her response to the School District's motions to dismiss her Due Process complaint, attached to the complaint as Exhibit 9; and her administrative complaints previously filed with the Illinois State Board of Education and the Office for Civil Rights of the U.S. Department of Education under those agencies' respective alternative administrative resolution processes.

### III. Section C of Defendant's Response. ("An Additional Two Day Delay is Irrelevant")

Finally, Defendant argues that it is "irrelevant" that this Court misstated a key date in its May 29, 2008 ruling granting Defendant's Motion to Dismiss. Plaintiffs disagree.

12

This Court ruled that equitable tolling was not applicable because "Reynolds was not prevented in some extraordinary way from timely filing suit."

In reaching this conclusion, the Court incorrectly recited that Plaintiffs received notice of the mailing on November 17, 2007, *four* days after it was mailed on November 13, 2007. The Court characterized this period as only a "slight delay" in Plaintiffs' learning of the decision because, the Court reasoned in its opinion:

> "[O]nce Reynolds knew that a correspondence from Hermann had been sent to her, she could have retrieved the document from the website (as she had previously done)."

*See* Memorandum Opinion and Order, page 6.

In fact, as Plaintiffs argued in their complaint and briefs, given the circumstances, the delay was more than "slight" because (1) Plaintiffs did not receive the certified mail notice of the mailing until November 19, 2007, *six days* after it was mailed; and (2) that notice did not serve to inform Plaintiffs of the basis for the ruling so that they could avail themselves of the full 120 days provided by law for preparing an appeal. As noted in Plaintiffs' court filings, after receiving the certified mail notice, Plaintiff Meg Reynolds signed and left the notice for the mail carrier requesting re-delivery. But the mailing was never made and instead was "returned to sender" undelivered 3 weeks later.

In fact, Plaintiff Meg.Reynolds could not immediately retrieve the hearing officer's ruling at all from the ISBE Special Education Database website, as this Court's decision suggests. That website is very confusing and poorly organized, with tabs and documents mislabeled under the wrong headings and internet "hyperlinks" not identified as such. (Copies of pages downloaded from this website were submitted with Plaintiffs'

Amended Complaint at Exhibit 12.) Reynolds was given no instructions for accessing data on the website, as Plaintiffs noted in their Amended Complaint at paragraph 48:

> "At no time did ISBE instruct [Ms. Reynolds] how to interpret the terms on the Special Education Database System web site."

As a result, Plaintiff did not discover many key documents on the website until much later, including the ruling. In fact, she did not know that a ruling had been entered against her until some time *after* receiving the certified mail notice (she does not remember exactly when), when she visited the website and found this entry, which was recited in paragraph 54 of Plaintiffs' Amended Complaint and also appeared in Exhibit 12 to the Amended Complaint:

> "Plaintiff has failed to state a cause of action under the IDEIA as to her first three issues and Summary Judgment has been entered in favor of the District under the remaining issues."

From this language, Reynolds did learn that an unfavorable ruling had been entered. But as she argued in her briefs, she had no idea of the legal or factual basis for the hearing officer's ruling because the hearing officer's "mailing" was unsuccessful due to ISBE's administrative failures – and because she did not find the ruling until some time later. Plaintiffs thus were denied the full measure of the 120-day statute of limitations period guaranteed by law for preparing an appeal of the hearing officer's ruling.

For these reasons, Plaintiffs respectfully ask this Court for the relief described in their Motion to Reconsider and for Clarification.

**Dated this 15th day of July, 2008**

_____
Meg Reynolds, pro se and for
Plaintiff Tom Reynolds-Ejzak

14

_____
Print Name

1166 South Clinton Avenue
Oak Park, IL 60304
Telephone: 312-297-6935
Fax: 312-297-5956
*For certified mail:*
c/o BCBSA
225 N. Michigan Ave.
Chicago, IL 60601
E-Mail Address: megreynolds@sbcglobal.net