IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEG REYNOLDS, Individually and On Behalf of Her Minor Child, Tom Reynolds-Ejzak, <br><br> Plaintiff, <br> v. <br><br> OAK PARK-RIVER FOREST SCHOOL DISTRICT 200, LOCAL SCHOOL DISTRICT, BOARD OF EDUCATION OF OAK PARK-RIVER FOREST SCHOOL DISTRICT 200, and THE ILLINOIS STATE BOARD OF EDUCATION, <br><br> Defendants. | Case No. 08 cv 1507 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motions to Reconsider and for Clarification of the Court's May 22, 2008 order granting Defendants' Motion to Dismiss the Amended Complaint with prejudice (Doc. 43) and for Leave to Amend and Supplement First Amended Complaint (Doc. 47). For the reasons stated below, both motions are denied.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration or clarification. The Court will consider Plaintiff's motion as a motion under Fed. R. Civ. P. 60(b). As the Seventh Circuit has recognized, motions for reconsideration serve a limited function: to correct manifest errors of law or fact or present newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Accordingly, reconsideration is

1

appropriate only where the moving party can establish the law or facts have changed significantly since the issue was presented or where the court has "patently misunderstood a party," "made a decision outside the adversarial issues presented," or "made an error not of reasoning, but of apprehension." *Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Company*, 244 F. Supp.2d 890 (N.D. Ill. 2002) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Plaintiff filed this action individually and on behalf of her minor child, alleging that she was appealing a decision by an independent hearing officer appointed by the Illinois State Board of Education pursuant to the Individuals With Disabilities Improvement Act, 20 U.S.C. § 1401 *et seq*. (the "IDEA"). (Amended Complaint ¶¶ 1-7.) The Amended Complaint refers to Section 504 of the Rehabilitation Act of 1974 (the "Rehabilitation Act") and the Americans With Disabilities Act (the "ADA") in several places and states that these statutes make it unlawful to retaliate against an individual for asserting a child's rights to a reasonable accommodation under the IDEA, but the four causes of action set forth in Plaintiff's Amended Complaint only allege claims under the IDEA. (*See* Am. Complt. ¶¶ 68-80.)

After considering a fully-briefed motion to dismiss Plaintiff's action under the IDEA, the Court found the action untimely and entered an order dismissing the case in its entirety with prejudice. Plaintiff's present motion now asks the Court to reconsider this order on the ground that the Amended Complaint also states claims for relief under the Rehabilitation Act and the ADA, separate and apart from her time-barred claims under the IDEA. Plaintiff, however, did not assert in any way in the briefing on the motion to

2

dismiss the Amended Complaint with prejudice that she was attempting to assert independent causes of action under the Rehabilitation Act and the ADA, although she was given more than ample opportunity to state the bases for her action.[1]

Plaintiff has not shown a basis for reconsideration. There has been no intervening change in the law or the facts, and the Court has not "patently misunderstood a party," "made a decision outside the adversarial issues presented," or "made an error not of reasoning, but of apprehension." Accordingly, Plaintiff's motion for reconsideration and clarification is denied.

Plaintiff has filed a "Motion for Leave to Amend and Supplement" her First Amended Complaint (Doc. 47), proposing a Second Amended Complaint adding causes of action under the Rehabilitation Act and the ADA. Based on the Court's prior order, Plaintiff is barred from filing an amended complaint to the extent it alleges any time-barred claims under the IDEA. The proposed Second Amended Complaint Plaintiff has filed with her motion alleges such time-barred IDEA claims. Therefore, Plaintiff's motion for leave to amend her complaint, as proposed, is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reconsider and for Clarification (Doc. 43) is denied. Plaintiff's "Motion for Leave to Amend and Supplement" her First Amended Complaint (Doc. 47) is also denied. While Plaintiff should have made the bases for her action known during the briefing on the motion to dismiss with prejudice, given that Plaintiff is representing herself and her minor child

---

[1] Plaintiff filed a response and was granted leave to file a sur-reply memorandum to the motion to dismiss the case with prejudice.

3

*pro se*, and that her First Amended Complaint made reference to the requirements of the Rehabilitation Act and the ADA, Plaintiff is given leave to file, within ten days of this order, a proposed amended complaint alleging only causes of action under the Rehabilitation Act and the ADA.

Date: August 28, 2008

JOHN W. DARRAH
United States District Court Judge