IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEG REYNOLDS, Individually and on Behalf of Her Minor Child, Tom Reynolds-Ejzak, <br><br> Plaintiff, <br><br> v. <br><br> OAK PARK-RIVER FOREST SCHOOL DISTRICT 200, LOCAL SCHOOL DISTRICT, BOARD OF EDUCATION OF OAK PARK-RIVER FOREST SCHOOL DISTRICT 200, and THE ILLINOIS STATE BOARD OF EDUCATION, <br><br> Defendants. | Case No. 08 cv 1507 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This case is before the Court once again pursuant to an effort by Plaintiff to file an amended complaint. Plaintiff's initial amended complaint was dismissed with prejudice in a Memorandum Opinion and Order dated May 22, 2008, because the claims alleged in the complaint, all arising under Individuals With Disabilities Improvement Act ("IDEA"), were time-barred. A motion by Plaintiff for reconsideration of the ruling and a motion for leave to file a proposed second amended complaint were denied. However, Plaintiff was given leave to file an amended complaint "alleging only causes of action under the Rehabilitation Act and the ADA" because Plaintiff was proceeding *pro se*, and the first amended complaint made reference to the requirements of those laws.

1

Plaintiff has now filed a "Motion for Leave to Include Civil Rights Claims and Necessary Parties in Plaintiff['s] Second Amended [Complaint]" and a new proposed "Second Amended Complaint." (Docket No. 56.)[1] Plaintiff's proposed Second Amended Complaint alleges not only claims under the Rehabilitation Act and the ADA but also purports to assert five entirely new claims, *i.e.*, a violation of the First Amendment right to petition the government; "denial of IDEA settlement rights by [the Illinois State Board of Education] ISBE"; denial of procedural due process by ISBE; denial of substantive due process by ISBE; and a claim under 42 U.S.C. § 1983. In addition, the proposed Second Amended Complaint adds two new defendants to the case, Linda Cada and Christopher Koch.

Plaintiff seeks leave to file the Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a), which generally permits leave to amend when justice so requires. Defendants oppose allowing leave to file the Second Amended Complaint. Defendants assert that while leave to amend is freely given during the initial stages of litigation pursuant to Fed. R. Civ. P. 15(a), whether to allow a post-judgment amendment is a matter purely within the discretion of the court.

Defendants contend Plaintiff has not provided good reason for adding the new parties and claims here. Further, they contend all of Plaintiff's alleged claims are futile and insufficient. Defendants also note that Plaintiff is a lawyer and needs no special consideration as a *pro se* plaintiff.

---

[1] Plaintiff's notice, (Docket 55), labels the motion "Plaintiffs' Motion for Leave to Further Amend and Supplement Second Amended Complaint with Additional Claims and Additional Parties."

2

While it is presumed, under Federal Rule of Civil Procedure 15(a), that motions for leave to amend will be liberally granted, "this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004). In such cases, it is within the discretion of the district court to deny leave to amend where no good reason for the amendment is provided. *See Bressner*, 379 F.3d at 484 (citing *Illinois Conf. of Teamsters and Employers Wel. Fund v. Steve Gilbert Trucking*, 71 F.3d 1361, 1368 (7th Cir. 1995)) ("A party seeking amendment at that stage of the proceedings must provide the district court with a good reason to grant its motion."); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir. 1994) ("At this juncture [after a judgment has been entered], the party making a . . . motion so that it can amend its complaint had better provide the district court with a good reason to grant its motion."); *First Nat'l Bank v. Continental Ill. Nat'l Bank*, 933 F.2d 466, 468 (7th Cir. 1991) ("First National had to have a good reason for so belated an amendment. It had none.").

Plaintiff's first amended complaint was dismissed in its entirety with prejudice after Plaintiff had a full opportunity to present her claims. The Court allowed Plaintiff to file an amended complaint alleging claims under the Rehabilitation Act and the ADA in an abundance of caution, construing Plaintiff's references to the Rehabilitation Act and the ADA in her initial amended complaint in the light most favorable to her as possibly an attempt to state claims thereunder.

Defendants correctly argue that Plaintiff has failed to provide a good reason why she should now be allowed to assert entirely new claims and name new parties at this

3

stage of the litigation. She states that her purpose was to "expand the claims for relief included in [her] original complaint" (Pltf. Mot. at 3), but she does not explain why these claims were not asserted, or even mentioned, earlier (such as during the full briefing on her motion to dismiss, in her subsequent motion for reconsideration, or in her first proposed second amended complaint filed with her motion for reconsideration).

As the Seventh Circuit has observed, "pleading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark." *Doe v. Howe Military School*, 227 F.3d 981, 990 (7th Cir. 2000). Plaintiff has not shown good reason to allow amendment of her complaint to add new claims and parties. Plaintiff's "Motion for Leave to Include Civil Rights Claims and Necessary Parties in Plaintiff['s] Second Amended [Complaint]" (Docket Nos. 55, 56) is therefore DENIED.

Although Defendants also argue that Plaintiff's claims under the Rehabilitation Act and the ADA are futile, Plaintiff has been granted leave to file an amended complaint asserting these claims. However, Defendants may raise arguments addressing the sufficiency of Plaintiff's claims once, and if, an amended complaint is filed.

This is Plaintiff's final opportunity to file an amended complaint. Plaintiff is granted leave to file an amended complaint alleging only claims under the Rehabilitation Act and the ADA against parties already named in the case within 21 days from the date of this Order.

Date: December 10, 2008

JOHN W. DARRAH
United States District Court Judge

4